Matter of the Estate of FREDERICK SCHAEFER, Deceased.

(Surrogate's Court, New York County, March, 1920.)

Trusts — trustees — alien enemies — accounting — evidence — alien property custodian — Personal Property Law, § 16.

Among the securities included in two testamentary trust funds were a certain number of shares of the stock of a certain corporation in trust for A., subsequently declared to be an absentee alien enemy, and a certain number of the shares of the same stock in trust for B., and all of such shares in both funds were bought in by the corporation in 1912 at $415 a share. In the accounts of the trustees filed two years later, the entire proceeds of sale were treated as "capital," and a decree was entered accordingly, but, on the contention of B. that part of the $415 was accumulated profits which should be paid to him as income, the surrogate's decree was reversed in part and in 1918 a new decree correcting the accounts of the trustees in respect to the trust for B. by an allowance of $85 per share as income, was entered. No action having been taken to distribute the surplus income now in trust for A. the alien property custodian, representing the beneficiaries of that trust, and seeking to compel payment of said income, made an application, upon motion for the confirmation of the report of the referee to take the account of the trustees, for leave to file objections thereto *nunc pro tunc. Held,* that the unlawful accumulation of income at present in the hands of the trustees is void under section 16 of the Personal Property Law, and that the decree entered in 1918 was not conclusive against the right of the life tenant of the trust for A. to demand payment of the surplus income, and unless the parties stipulate as to the apportionment of income and capital in said

trust the court will, on the taking of testimony, make a proper apportionment and reserve its decision on the motion to confirm the referee's report until after it has disposed of the objections filed thereto.

MOTION to confirm report of referee.

Fitch & Grant, for executors and trustees.

Axel Josephsson, for Albert Schaefer.

Thomas C. Patterson, special guardian.

John C. Tomlinson, Jr., for Francis P. Garvan, alien property custodian.

FOLEY, S. Upon the hearing of this motion to confirm the report of the referee appointed to take the accounts of trustees, application is made by the alien property custodian, representing the beneficiaries of the von Burtenbach trust, for leave to file objections *nunc pro tunc* to the accounts.

Two trust funds were created in this estate, one for Frau von Burtenbach as life tenant, which included, among other securities, 334 shares of the F. & M. Schaefer Brewing Company. The other, for Albert Schaefer, included 500 shares of that company. All this stock was bought in by the corporation in 1912 at $415 a share.

The trustees treated the entire proceeds of this sale as "capital" in their accounts filed October 21, 1914. The surrogate adopted this view in his decree on the accounting. Albert Schaefer contended that part of the $415 was accumulated profits which should be paid to him as income, and he succeeded in obtaining a reversal by the Appellate Division of that part of the surrogate's decree. *Matter of Schaefer,* 178 App. Div. 117; affd., by Court of Appeals, 222 N. Y. 533.

Pursuant to these decisions a new decree of the Surrogate's Court was entered on March 8, 1918. This decree, however, merely corrected the accounts of the trustees in respect to the Albert Schaefer trust by an allowance of $85 per share as income. No action has as yet been taken to distribute the surplus income now in the von Burtenbach trust, and the alien property custodian seeks to compel its payment.

It is urged by the trustees, who oppose this application, that Frau von Burtenbach was a party to the former accounting proceedings, and that her counsel failed to appeal, and thereby acquiesced in the disposition made by the surrogate. The answer to these claims, however, is first, that the finding reversed by the Appellate Division relates to both the life tenants; second, the consent of a party cannot validate a void accumulation.

The unlawful accumulation of income at present in the hands of the trustees is absolutely void. Pers. Prop. Law, § 16; *Matter of Rogers,* 22 App. Div. 428, 431, 435. The Appellate Division in its decision pointed out that the accumulated profits represented in the price of $415 per share must be paid to the life tenant, and that an increase in the corpus of the funds by accumulations of income, except for the benefit of infants, is against public policy and expressly condemned by statute. Citing *Matter of Rogers,* 22 App. Div. 426.

It cannot be contended here that the decree of March 8, 1918, is conclusive against the right of the life tenant of the von Burtenbach trust to demand payment of this surplus income. No final distribution was made on that accounting. In the cases of *Matter of Ziegler,* 218 N. Y. 544, 555; *Matter of Hoyt,* 160 id. 607; *Bowditch* v. *Ayrault,* 138 id. 222, 231, it was held that decrees upon prior accountings are conclusive upon

the parties only as to payments embraced in the accounts upon which the decree was entered, but form no bar to the distribution of property still in the hands of the trustee. No acquiescence or waiver by the parties to an accounting proceeding can legalize the retention and accumulation of income in violation of law. Undoubtedly the explanation of why no attempt was made to obtain this income for her is that she was declared to be an absentee alien enemy, and when the decree was readjusted in March, 1918 (while the United States was at war) there was uncertainty as to who represented her in the proceedings. That the life tenant's legal rights have not been asserted previously cannot prevent the granting of relief now. " The statute can no more be violated by agreement of the parties than by will. It represents the public policy of the State, and is not such a statute as may be waived by interested parties on the theory that it was made for their benefit." *Church* v. *Wilson,* 152 App. Div. 844, 852; affd., 209 N. Y. 553; *Oakley* v. *Aspinwall,* 3 id. 547, 552; *O'Donoghue* v. *Boies,* 159 id. 87, 102; *Bailey* v. *Buffalo L. T. & S. D. Co.,* 213 id. 525, 540.

Unless the parties stipulate as to the apportionment of income and capital in the von Burtenbach trust (as was done in the Albert Schaefer trust) I will take testimony and make a proper apportionment. Decision on the motion to confirm the referee's report will be reserved until the objections now permitted to be filed are disposed of.

Decreed accordingly.