In the Matter of the Estate of JOSE B. KING, Deceased.

Surrogate's Court, New York County, July 28, 1927.

Taxation — income tax — tax against estate on profits not distributable to life tenant is payable from principal — profit on exchange of stock goes to life tenant — non-legal investments should be sold.

Income taxes paid on the income of an estate are properly charged against principal in so far as they are imposed upon profits made by the estate not distributed or distributable to the life beneficiary as income.

That part of corporate stock received in exchange for corporate stock held by the estate which represents earnings of the corporation whose stock the estate held, is income and goes to the life tenant.

Non-legal investments are held by the trustees at their own risk and should be disposed of.

ACCOUNTING proceeding.

*Richard Kelly,* for the petitioner.

*Reynolds, Richards, McCutcheon & Logan,* for Emma K. Sewell and others.

*Joseph P. Brennan,* special guardian.

O'BRIEN, S. The several questions raised by the special guardian in his report herein are disposed of in the following manner: (1) The objection to payment of the income taxes for the year 1925 out of capital and not out of income is overruled. Income taxes paid on the income of an estate are properly charged against principal in so far as they are imposed upon profits made by the estate not distributed or distributable to the life beneficiary as income. (2) The contention that the exchange of all the stock of J. B. King & Co. for stock in the two companies in question was in the nature of a sale and that the entire profits should be determined to be principal and the property of the remaindermen is overruled. The exchange was not a sale but in effect a liquidation.

In any event in the exchanges there were included accumulated earnings or profits of J. B. King & Co. Therefore, so much of the securities of said two companies as represented earnings of J. B. King & Co. was income and goes to the life beneficiaries. ( *U. S. Trust Co.* v. *Heye,* 224 N. Y. 242; *Matter of Schaefer,* 178 App. Div. 117; affd., 222 N. Y. 533; *Matter of U. S. Trust Co.,* 190 App. Div. 494; affd., 229 N. Y. 598.) (3) These securities which now constitute the trust fund are non-legal investments and are held by the trustees at their own risk. They should be disposed of in the manner indicated by the court. Submit decree on notice settling the account as filed.