FREDERIC B. PRATT et al., as Executors and Trustees under the Will of CHARLES PRATT, Deceased, Respondents, *v.* MARY B. LADD et al., Appellants, and FREDERIC B. PRATT et al., Respondents.

214

(Argued January 16, 1930; decided March 18, 1930.)

*William Mason Smith* for Mary B. Ladd et al., *Ralph W. Crolly* and *Hugo Kohlmann* for Brooklyn Trust Company, as committee, and *A. Henry Mosle* for Harold I. Pratt et al., as executors, appellants. The Appellate Division failed to apprehend the distinction between capital of the trust and capital of the corporation. (*Bourne* v. *Bourne*, 240 N. Y. 172; *McLouth* v. *Hunt*, 154 N. Y. 179; *U. S. Trust Co.* v. *Heye*, 224 N. Y. 242; *Sturgis* v. *Roche*, 217 App. Div. 573; *Matter of Schley*, 202 App. Div. 169.) The stock dividend declared against the value of stock which the declaring corporation had purchased with its profits earned since the inception of the trust, or received as a stock dividend on stock so purchased, should be allotted to income. (*Macy* v. *Ladd*, 128 Misc. Rep. 732;

*U. S. Trust Co.* v. *Heye,* 224 N. Y. 242; *Matter of Schaefer,* 178 App. Div. 117; 222 N. Y. 533; *Matter of Hoyt,* 160 N. Y. 607; *Rudd* v. *Cornell,* 171 N. Y. 114; *Thayer* v. *Burr,* 201 N. Y. 155.) The life beneficiaries are entitled to the stock dividends. (*Equitable Trust Co.* v. *Prentice,* 250 N. Y. 1; *Matter of Osborne,* 209 N. Y. 450; *U. S. Trust Co.* v. *Heye,* 224 N. Y. 242; *Matter of Schaefer,* 178 App. Div. 117.) Earnings, made after the inception of the trust, do not lose their character by investment in capital assets and when stock dividends are declared against such capital assets they are income. (*Smith* v. *Dana,* 77 Conn. 543; *Matter of Fisk,* 45 Misc. Rep. 298; *Union & New Haven Trust Co.* v. *Taintor,* 85 Conn. 452; *Bryan* v. *Aikin,* 10 Del. Ch. 446; *Davis* v. *Jackson,* 152 Mass. 58; *Poole* v. *Union Trust Co.,* 191 Mich. 162; *Boyer's Appeal,* 224 Penn. St. 144; *Pritchitt* v. *Nashville Trust Co.,* 96 Tenn. 472.)

*Douglas Campbell, Walter H. Merritt* and *D. Basil O'Connor* for Theodore Pratt et al., appellants and respondents. No part of the stock dividends received by the trustees is income within the meaning of the statute against accumulations, and their retention in accordance with the will would not be an illegal accumulation and they should be retained in their entirety as part of the capital of the trusts. (*Equitable Trust Co.* v. *Prentice,* 250 N. Y. 1.) The unrealized increase in value of stock was properly treated as capital increase, and not as earnings, in apportioning the stock dividend. (*Thayer* v. *Burr,* 201 N. Y. 155; *Matter of Osborne,* 209 N. Y. 450; *U. S. Trust Co.* v. *Heye,* 181 App. Div. 544; 224 N. Y. 242; *Macy* v. *Ladd,* 227 N. Y. 670; *Matter of Schley,* 202 App. Div. 169; 234 N. Y. 616; *Matter of Kernochan,* 104 N. Y. 618; *Stewart* v. *Phelps,* 71 App. Div. 91; *Craig* v. *Riggs,* 5 Redf. 82; *Bourne* v. *Bourne,* 240 N. Y. 172; *Matter of Schaefer,* 178 App. Div. 117; 222 N. Y. 533.) The computations of the trustees in appor-

tioning stock dividends were properly made. (*Matter of Osborne*, 209 N. Y. 450; *Robertson* v. *de Brulatour*, 188 N. Y. 301; *Lowry* v. *Farmers L. & T. Co.*, 172 N. Y. 143; *McLouth* v. *Hunt*, 154 N. Y. 179; *Chester* v. *Buffalo Car Mfg. Co.*, 70 App. Div. 442; *Matter of Kernochan*, 104 N. Y. 618; *Stewart* v. *Phelps*, 71 App. Div. 91; 173 N. Y. 621; *Richmond* v. *Richmond*, 123 App. Div. 117; 196 N. Y. 535; *Matter of Stevens*, 46 Misc. Rep. 623; 187 N. Y. 471; *Matter of Rogers*, 161 N. Y. 113; *Bourne* v. *Bourne*, 240 N. Y. 172; *U. S. Trust Co.* v. *Heye*, 181 App. Div. 552.)

*Edwin De T. Bechtel* for plaintiffs, respondents.

*Leslie D. Dawson* for Frederic B. Pratt et al., respondents. The judgment is a valid and binding direction to the trustees as to the administration of the trust. (*Holland Trust Co.* v. *Sutherland*, 177 N. Y. 327; *Leggett* v. *Stevens*, 185 N. Y. 70; *Tonnele* v. *Wetmore*, 195 N. Y. 436; *Kent* v. *Church of St. Michael*, 136 N. Y. 10; *Thorn* v. *De Breteuil*, 179 N. Y. 64; *Newton* v. *Hunt*, 134 App. Div. 325; 201 N. Y. 599; *Matter of Schley*, 202 App. Div. 169; 234 N. Y. 616.)

POUND, J. Charles Pratt died May 4, 1891. He left a will whereby he created trusts from his residuary estate for the benefit of each of his eight children. He directed his trustees to make annual payments to each of the beneficiaries, varying in amounts as to each child, during their several lives. These trusts were measured by two lives in being. One such life is now ended but the trusts continue during the life of Mary Babbott Ladd, a grandchild, who is still living. Upon the death of any child during the continuance of the trusts, the income of the trust for the benefit of such child is to be paid to the issue of such child in equal shares. Two of the children have died, but the eight trusts remain in force.

The trusts were duly established. An action was brought by the trustees in 1902 for directions as to income in excess of the annual payments to be made to each child under the will which resulted in a judgment directing the payment of the surplus income of each trust to the person or persons who shall from time to time be presumptively entitled under said will to the next eventual estate in the trust fund, indicating the eight children as such persons.

This action is brought by the trustees to secure a judicial settlement of their account on the facts arising since the prior accounting of the trustees as of May 16, 1923. From the decision below, appeals have been taken to this court from a judgment of the Appellate Division of the Supreme Court affirming a judgment entered on the report of a referee in the accounting action, challenging the correctness of the judgment so far as it relates to certain stock dividends received by the trustees. The facts in regard thereto are as hereinafter stated.

On June 5, 1925, each trust created by the will contained 7,500 shares of the stock of the Anglo-American Oil Co., Ltd., an English corporation. On that day the company declared a stock dividend of thirty-three and one-third per cent or 2,500 shares to each trust fund. This represents an item of £495,000 transferred to capital reserve by the corporation. This has been awarded to principal. The fund arises out of a borrowing of American dollars in 1920, long after the trusts were set up under the will of Mr. Pratt. The indebtedness arising therefrom was entered on the corporation books as a transaction in English pounds. The dollars were borrowed when the English pound would purchase only 3.92 dollars but when the indebtedness in dollars was paid off in 1924 the pound would pay 4.79 dollars. An extraordinary profit resulted, of which the amount transferred to capital reserve was a part, arising out of the difference in

American exchange. Thereon the common stock was increased 1,000,000 shares and such shares were distributed as a thirty-three and one-third per cent stock dividend. " The mere adoption by the corporation of a resolution cannot change accumulated earnings into capital, as between the life tenant and remainderman." (*McLouth* v. *Hunt*, 154 N. Y. 179, 198.) The referee and the Appellate Division have held that the action of the directors was controlling upon the trustees under our decision in *Bourne* v. *Bourne* (240 N. Y. 172) and that the stock dividend declared against this profit was consequently capital of the trust. This does not follow. What is treated as capital by the corporation may be income to the life beneficiaries of the trust. (*Equitable Trust Co.* v. *Prentice*, 250 N. Y. 1.) The English corporation borrowed dollars and used pounds to pay them. The outcome was a profit for the operation of the business. From the standpoint of an English corporation American dollars are a commodity like oil. The difference in the purchasing price of the pound reduced the liabilities and correspondingly increased the profits of the corporation. To the extent that the profit on the transaction was distributed to the stockholders in the form of a stock dividend it was profit earned after the creation of the trust and the stock dividend thus declared went to the life beneficiaries. (*Matter of Osborne*, 209 N. Y. 450.)

Another stock dividend of twenty-five per cent is in question. It was declared by the Standard Oil Company of New York, arising out of the receipt by the Standard Oil Company of a stock dividend declared by the Magnolia Petroleum Company. The Standard Oil Company had purchased eighty per cent of the Magnolia Petroleum Company stock with moneys earned since the inception of the trust. The directors might have declared cash dividends instead of purchasing the Magnolia stock. They might have divided up the Magnolia stock as a stock divi-

dend. They did neither. They added to the capital surplus of the corporation the Magnolia stock and declared a stock dividend against such capitalization. The argument of the life beneficiaries appealing is that the stock dividend represents profits of the corporation earned since the inception of the trust and that they are entitled thereto. This contention is sustained by the evidence which does not suggest that the Magnolia shares were purchased out of anything but surplus profits earned long after the setting up of the Pratt trusts. It in no sense represents an increased value of the corporate stock arising out of an appreciation in the value of the capital investments of the Standard Oil Company. (*Thayer* v. *Burr*, 201 N. Y. 155.) When the investment is made out of profits earned after the creation of the trusts no distinction can be drawn between ordinary profits and profits arising out of some extraordinary or unusual investment of the profits thus earned. (*United States Trust Co.* v. *Heye*, 224 N. Y. 242, 260.)

Much thought has been bestowed upon the problem of the proper apportionment of stock dividends between capital and income of trust estates. The rule has been fairly stated in the *Osborne Case* (*supra*) and recently in *Equitable Trust Co.* v. *Prentice* (*supra*). Its application should not be made difficult by attempted distinctions between ordinary profits and extraordinary profits or in the form of the transaction. Profit is gain to be taken as earnings as distinguished from gain by increment in capital valuation. The corporation may augment its capital as a matter of corporate management but the rights of life beneficiaries are not affected thereby. This "presumable intention" of the testator controls in the absence of contrary provisions of the will. (*Equitable Trust Co.* v. *Prentice, supra.*)

The remaindermen raise a point which the Appellate Division did not consider which arises in relation to the trusts other than that created for the benefit of Lydia R.

Babbott, one of testator's children, who died in 1904. Their contention is that the stock dividends, in excess of the amounts specified in the will to be paid to each child, received by the trustees should be retained by the trustees as a part of the capital of the trusts, as not being an illegal accumulation of income. But the question of their rights was settled by the judgment of January 2, 1903, which provided that in the future all surplus net income not required for making the payments directed by the will to be made should be paid over to the persons presumptively entitled from time to time to the next eventual estate, *i. e.*, the eight children. The remaindermen urge that stock dividends are not "income under the will" but are income directed to be paid by the judgment of 1903. There is no force in this contention. Appellants seek to raise for reargument a question of construction adjudicated in 1903 and acquiesced in.

The respondents-executors and trustees ask for instructions as to the further administration of the trusts but it is unnecessary to answer their questions at this time except as they are answered by the judgment herein.

The judgment of the Appellate Division and that of the Special Term should be modified in accordance with this opinion and as so modified affirmed, with costs to all parties appearing separately and filing briefs herein, payable out of the estate.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.