BANKERS TRUST COMPANY, as Trustee, etc., under a Certain Trust Agreement Executed by EDGAR SPEYER, Deceased, Plaintiff, *v.* PAMELA MOY and Others, Defendants.

Supreme Court, New York County, February 22, 1933.

*White & Case* [*Thomas Kiernan* of counsel], for the plaintiff.

*Edward M. Bratter* [*Ernst, Gale, Bernays & Falk*, by *Edwin A. Falk* of counsel], for the defendants Pamela Moy, Leonora Speyer and Vivien Goldschmidt.

*Stanley L. Richter*, guardian *ad litem*, and *Robert S. Johnstone*, his attorney, for the defendant Gabrielle Goldschmidt, an infant.

*Guggenheimer & Untermyer* [*Arthur A. Taylor, Jr.*, of counsel], for the defendants Leonora Speyer, J. Robert Hewitt and Alvin Untermyer, as executors.

DORE, J. This is an action brought by plaintiff bank as trustee for the judicial construction of a certain trust agreement executed as grantor by Edgar Speyer, who died on February 18, 1932. On January 6, 1925, said grantor executed a trust agreement with the plaintiff bank as trustee, whereby he transferred to the trustee certain securities, one-third of the income of which the plaintiff, as trustee, was directed to pay over during the trust period (the lives of two of the daughters) to each of the grantor's three daughters during their respective lives. The trust agreement provides that in the event of the death of any daughter during the period of the trust, the share of the income which the said daughter would have taken, if living, shall be paid over to the lawful issue of such deceased daughter. It further provides that upon the death of both of the two daughters, the defendants Leonora Speyer and Vivien Claire Speyer (now Vivien Goldschmidt), whose lives measured the trust, the principal or corpus of the trust estate shall be divided and distributed to the children of the grantor on the basis of one-third share of said principal to each of said children, the issue of any deceased child of the grantor to take in equal shares, *per stirpes*, the share which the deceased child would have taken if living.

The defendant Gabrielle Goldschmidt is an infant, now about three years old, having been born subsequent to the execution of the trust agreement but before the death of the grantor, and is the child of defendant Vivien Goldschmidt, *née* Speyer. The basic question here presented concerns the provisions contained in the second paragraph of article " tenth " of the trust agreement, which reads as follows: " In determining the amount of net income distributable to the beneficiaries at any time, or for any period, or any year, the Trustee with the consent of the Grantor, and after the death of the Grantor the Trustee shall deduct from the dividends interest and/or other income payable at such time or for such period, or in such year all or any part of any loss or losses then or at any time theretofore sustained in connection with any sale or sales or other disposition or dispositions of assets forming part of the principal or corpus of the trust established or in connection with any transaction in respect of such principal or corpus of the trust estate and the amount so deducted shall be added to the principal or corpus of the trust estate."

The plaintiff-trustee and the defendants beneficiaries of the income ask that it be determined whether the second paragraph of article " tenth " is or is not valid and enforcible and that the obligation of the plaintiff (trustee) in respect thereto be defined, and contend that this provision of the trust agreement is void as a direction for an unlawful accumulation of income contravening

the provision of section 16 of the Personal Property Law. The special guardian, on the other hand, asks that it be determined that the said paragraph of article " tenth " be sustained as valid and enforcible. Unless authorized by section 16 of the Personal Property Law, the income from a trust fund must be paid to those entitled to income and cannot be accumulated as part of the principal of the trust fund.

The value of the capital of the trust estate or trust fund cannot be enhanced or added to as a result of transferring income to the corpus of the trust to the detriment of those entitled to the income. Gains and accretions to the value of the capital of the trust estate or fund must arise from sources other than income without detriment to those entitled to the income. Section 16 of the Personal Property Law concerns " validity of directions for accumulation of income," and the pertinent parts provide as follows: "An accumulation of the income of personal property, directed by any instrument sufficient in law to pass such property is valid: (1) If directed to commence from the date of the instrument * * * and to be made for the benefit of one or more minors, then in being * * * and to terminate at or before the expiration of their minority. * * * (3) All other directions for the accumulation of the income of personal property, not authorized by statute are void."

Section 16 of the Personal Property Law represents the public policy of the State and its provisions cannot be governed by the intent of the grantor and cannot be waived even by interested parties on the theory that it was made for their benefit. (*Matter of Rogers*, 22 App. Div. 428, 430; *Matter of Schaefer*, 110 Misc. 628.) The special guardian contends that the direction to use all or a portion of the income that may be necessary to recoup losses resulting from the sale of securities constituting the funds of the trust merely preserves the integrity of the trust fund and does not improperly enhance the value thereof, and relies on *Matter of Nesmith* (140 N. Y. 609). In the *Nesmith* case the testamentary trustees had discretionary power to make a disbursement of income in the course of the management of the trust estate, and the exercise of such power was held valid when the use of income in the discretion of the testamentary trustees was restricted to such matters as tended to preserve the trust property and also to make the trust property efficient for earning purposes.

In *Thorn* v. *De Bretueil* (179 N. Y. 64, at p. 78) the Court of Appeals explained the decision in *Matter of Nesmith*, pointing out that under the particular facts of the *Nesmith* case the court determined that the testamentary trustees had made a proper and reasonable exercise of their discretion which made the trust property

more efficient in its earning capacity and purpose, and to that extent conferred a benefit upon the beneficiaries entitled to the income. The *Nessmith* case has no application to the facts in the case at bar. Here the grantor explicitly directs that the current income be withheld from the life beneficiaries and that it " be added to the corpus   *   *   *   of the trust estate." Such withholding of income from the life beneficiaries to recoup losses on sales will inevitably diminish, if not entirety absorb, all income for many years to the detriment of the life beneficiaries entitled thereto.

Article tenth of this trust is an express direction to transfer income to principal and treat it as capital; that is to say, it is an accumulation. (*Thorn* v. *De Bretueil*, 86 App. Div. 405, modfd. and affd., 179 N. Y. 69; *Matter of Stevens*, 46 Misc. 623; *Cochrane* v. *Alexandre*, 56 id. 212; *Hascall* v. *King*, 162 N. Y. 134.) Under section 16 of the Personal Property Law only a minor can be a beneficiary of such accumulation, and it must terminate at or before the expiration of the minority of the beneficiary. (*Lovett* v. *Gillender*, 35 N. Y. 617; *Kalish* v. *Kalish*, 166 id. 368.) Here the life beneficiaries, who were the children of the grantor, were all adults.

The court holds that the second paragraph of article tenth of the trust agreement is void and unenforcible as an unlawful accumulation of income and that the entire income shall be paid to the designated life beneficiaries. (*Pray* v. *Hegeman*, 92 N. Y. 508.) The invalid portion can be removed without injury to the remaining provisions of the trust. The plaintiff-trustee also prays for relief that the counterpart of the trust agreement in possession of the plaintiff bank as trustee be reformed so as to include a provision (p. 5 of the instrument) which is properly a part of the trust agreement but was inadvertently omitted in the said counterpart. After clear and satisfactory evidence adduced at the trial the court holds that such provision, referred to in article sixth of the complaint, is and was a part of the original trust agreement as delivered by the grantor and directs that the counterpart held by the trustee be reformed accordingly. Findings of life beneficiaries and of guardian *ad litem* have been passed upon. Present decision containing findings as made, together with judgment or decree upon two days' notice.