In the Matter of the Will of JANE B. LISSBERGER, Deceased.

Surrogate's Court, New York County, June 29, 1946.

Samuel Michelman and George Lewis for President and Directors of the Manhattan Company, trustee, petitioner.

Lester R. Bachner for Edmund Lissberger.

James J. Regan and Henry T. Holsapple for Robert V. Mahon and another, as executors of Henry Lissberger, deceased.

DELEHANTY, S. By appropriate decree of this court a corporate fiduciary was appointed cotrustee to act with an individual trustee who is the income beneficiary of two trusts created under the will of deceased. These trusts are called in the will " Trust Number One " and " Trust Number Three ". Such corporate fiduciary has petitioned the court for a construction of the articles of deceased's will relating to such trusts and has asked for instructions as to the burden of taxes on capital gains realized on sales of securities in the trusts and as to the duty of the trustees in respect of certain shares of capital stock distributed to the trustees by corporations some of whose shares were held in the trusts at the time of such distribution.

The question is whether the tax upon such capital gains must be borne by the corpus of the trust or must be deducted from the income of the trust before payment over of a net sum to the income beneficiary. In respect of Trust Number One the direction is " to pay the income therefrom to my brother Edmund Lissberger during his lifetime * * *." In respect of Trust Number Three the direction is " to collect and receive the rents, issues, income and profits therefrom, and after paying all taxes and lawful charges upon * * * said trust * * * out of the income of said trust * * * to pay the net income of Trust Number Three to my brother, Edmund Lissberger, during his life."

The difference in text of the will in relation to the payment of income of the trusts has no importance in decision of the question presented. The tax upon capital gains should be borne by the principal account into which the gains go (Restatement, Law of Trusts, § 233, comment f; 108 A. L. R. 1138; Matter of King, 130 Misc. 296; Tax Law, § 365, subd. 7; Internal Revenue Code, § 162; U. S. Code, tit. 26, § 162.) When, in fact, capital gains are taxed the consequence is

merely that the addition to principal account is not constituted of the gross profit but rather of the profit less the tax thereon. The tax computed on the basis of capital gains is exacted by the Government under the label " income tax " but intrinsically it is not an income tax. In trust administrations the word " income " has a well-understood meaning. In such administrations it is settled that capital gains remain in capital. It cannot be said that so much of the gain as the Government takes by way of so-called income tax is to be called income for trust purposes by reason of that label while the rest remains principal. Neither is the language of the will quoted from the text which disposes of Trust Number Three to be interpreted as using the word " income " in a connotation which burdens the income of a trust with any tax other than imposed upon the trust proper by reason of true income. The purpose of deceased was of course to benefit her brother and not to burden him. Her text cannot be construed as requiring him to bear out of trust income the tax on capital gains and to preserve such gains untaxed for the benefit of remaindermen. The court holds that capital account must pay so much of the so-called income taxes of the trusts as are attributable to capital gains.

Trust Number One owned twenty shares of common stock of a corporation which in January, 1946, distributed to its stockholders one additional share of stock for each four shares then held. By reason of this distribution the trustees now hold a total of twenty-five shares. The income beneficiary contends that the five additional shares represent a stock dividend payable to him under the text of subdivision (d) of clause ninth of the will which says: " To pay over to the beneficiaries of Trust Numbers One, Two and Three all dividends, whether stock dividends or otherwise, and I hereby direct that all dividends. be regarded as income ".

The corporation issuing the shares describes the transaction as a stock split-up. It made no transfer on its books of earned surplus to capital stock surplus. The transaction merely watered down the previously outstanding stock and made the number of shares five for each four theretofore outstanding. The additional shares are not in fact a dividend at all and so do not come within the description of the will. The case relied on by the income. beneficiary (*Matter of Lloyd*, 292 N. Y. 280) is not in point. In that case a cash dividend was actually paid out of a surplus which was created for the express purpose

of the dividend payment. The text of the will there under consideration was held sufficiently broad to cover such a dividend. Here there was no dividend. The twenty-five shares are all capital of Trust Number One.*

In Trust Number Three there were 200 shares of a different corporation. In January, 1946, this corporation distributed the additional share for each two shares then held. The corporation in its resolution termed the additional shares a stock dividend. It transferred from paid-in surplus to capital account $5 for each newly issued share. It could have declared a cash dividend out of the paid-in surplus. By reason of the corporation's own declaration and its own treatment of the transaction this issue of shares is clearly a stock dividend which comes within the text already quoted from article ninth of the will. Accordingly such additional shares are deliverable to the income beneficiary as income.

Submit, on notice, decree construing the will accordingly.

---

* See, also, *Matter of Lissberger*, 189 Misc. 277.— [REP.