CHARLES A. GILBERT, as Trustee under Trust Indenture Made by PHILIP WISE, et al., Plaintiffs, *v.* PHILIP WISE et al., Defendants.

Supreme Court, Special Term, New York County, March 1, 1948.

*Gustave Simons* for plaintiffs.

*Alfred J. Callahan,* guardian ad litem for Stephen R. Wise and others, infants, and for unborn descendants of Philip Wise, defendants.

BOTEIN, J. This action was brought by plaintiff, as trustee of two *inter vivos* trusts, one for the benefit of the donor's wife and the other for the benefit of his son, to settle his accounts and to secure the appointment by the court of two additional persons to act with him as cotrustees. Since the rights of infants and unborn children were concerned, a guardian ad litem to protect their interests was appointed.

The trustee has moved for summary judgment and the guardian ad litem has countered with a cross motion for summary judgment, asserting objections to the trustee's accounts made in the guardian's report. The motion and cross motion present questions of law only and no material issue of fact is raised to prevent a summary disposition under subdivision 8 of rule 113 of the Rules of Civil Practice (*Kraus* v. *Zivnostenska Banka*, 187 Misc. 681).

The questions to be determined upon the motion are the following:

1. Has the court the power to appoint additional cotrustees and if it has such power, should it be here exercised?

2. Should the excess of income over the annual payment of $3,000 provided in the trust for the benefit of the donor's wife be paid to the donor's wife or to the donor's son as the "persons presumptively entitled to the next eventual estate" (Real Property Law, § 63)?

3. Should capital gain taxes be charged to the principal or to the income accounts of the trusts?

4. Should the trustee be surcharged for failing to invest cash available for over a year in the trusts, and if so, to what extent?

1. While there is no specific statutory provision nor decision in the courts of this State bearing directly on the power of the Supreme Court to appoint an additional trustee, the existence of such power is assumed by text writers and other authority (3 Bogert, Trusts and Trustees, § 532; 1 Scott on Trusts, § 108.2; Restatement, Trusts, § 108, comment e). It does not appear that the interests of the beneficiaries of the trusts will, in any way, be adversely affected by the appointment of additional trustees. The only possible disadvantage suggested by the guardian is that the assets of the trusts may increase to a sum which, by statute, would entitle each trustee to full commissions. That contingency will be eliminated by requiring as a condition for the appointment of the additional trustees, that the present trustee and the trustees to be appointed execute individually a waiver of full commissions, in the event that each should ever become entitled thereto, and agree to accept commissions for all three in the sum to which a single trustee would be entitled.

2. The trust for the benefit of the donor's wife directs the trustee to pay the sum of $3,000 yearly to the wife and to pay over the trust in its entirety to her when she should arrive at

the age of fifty years, " without having remarried ". In the event of the death or remarriage of the donor's wife prior to attaining the age of fifty years, the trustee is required to hold the balance of the trust for the benefit of the donor's son. The trustee was authorized by the indenture to make the annual payments of $3,000 to the donor's wife from income or from principal, if income were not sufficient, and was vested with discretion to make greater annual payments to the donor's wife either from income or principal (par. ninth). The indenture makes no specific provision for the disposition of income in excess of $3,000 annually, except such as may be inferred from the grant of discretion to the trustee to make greater annual payments to the donor's wife from *income* if he should deem it expedient or proper.

In each of the first three years of the administration of the trust, income was earned greatly in excess of the $3,000 required for the annual payment to the donor's wife. In the next two years income earned was insufficient for that purpose. The trustee retained the surplus of previous high income years and applied it against the income deficiencies of the later years.

As a matter of strict trust accounting practice, a trustee should, in circumstnces such as these, take annual " rests " (*Hamilton* v. *Drogo,* 241 N. Y. 401; *Matter of McKenna,* 173 Misc. 579). As a practical matter, however, it will make no difference here insofar as the rights of the infant remainderman are concerned, since the trustee had the power to invade excess income or principal for the purpose of making the annual payments of $3,000 or in greater amounts to the donor's wife; and since the donor's wife, in the event payments to her did not exhaust income, became entitled nevertheless to such excess income which was undistributed, as the person " presumptively entitled to the next eventual estate " (Real Property Law, § 63).

The failure of the trust indenture to make a specific disposition of income earned in excess of $3,000 annually may not be translated into a requirement that excess income be held in the principal account. That course would constitute an accumulation of income for a period greater than a minority, and therefore void (Personal Property Law, § 16; *Banker's Trust Co.* v. *Moy,* 148 Misc. 38; *Matter of McKenna,* 173 Misc. 579, *supra*). Under such circumstances, section 63 of the Real Property Law, which provides that where there is no valid direction for the accumulation of income of a trust such income shall

belong to the person " presumptively entitled to the next eventual estate ", must be applied, for it governs future interests in personal property as well as those in real property (*Matter of Harteau*, 204 N. Y. 292).

The provisions in the trust indenture directing the trustee to pay over the corpus of the trust to the donor's wife upon her attaining the age of fifty years and without having remarried constituted her the person " presumptively entitled to the next eventual estate ", for she acquired a vested estate, subject to being divested upon the happening of one of the two stated contingencies (*Matter of O'Hanlon*, 27 N. Y. S. 2d 889). The donor's son or others will take only in the event that either of these contingencies should occur, and as among all beneficiaries the " next eventual estate " is the one to which the donor's wife is entitled. This holds true not only as a matter of law, but also reflects the intention of the donor. The intent is evident from the fact that he created trusts at the same time of identical sums, one for the benefit of his wife and the other for the benefit of his son — they in each instance being the natural and primary objects of his bounty and responsibility. It is, therefore, held that the donor's wife was entitled, in the trust created for her benefit, to income earned in excess of $3,000 annually. The distribution to her, in subsequent years of income deficit, of the surplus of income from previous years does not affect adversely the interests any other persons may have in the trust. In the absence of objection by her to this course of conduct by the trustee, there is no necessity for correction of his account unless he should desire it (*Matter of McKenna*, 173 Misc. 579, *supra*; *Matter of Bloomingdale*, 172 Misc. 218).

3. Both of the trust indentures contain provisions empowering the trustee to determine whether receipts should be treated as principal or income and to charge or apportion expenses to principal or income in such manner as he might deem just and equitable (par. fourth) and to " pay estate, inheritance, income or other tax, charge or assessment * * * out of any moneys in his hands for the account of the person whose interest hereunder shall be primarily liable " (par. eighth). It is further provided in said paragraph eighth that " Estate, succession and inheritance taxes so paid by the trustee shall be charged to principal. All other taxes are to be charged to income."

Large capital gains were realized in each of the trusts. The trustee has included these gains in his principal accounts but has paid the taxes imposed upon the gains from income, relying upon the final provision of paragraph eighth that all taxes, other than estate, succession and inheritance taxes, should be charged to income. However, that provision must be considered in its context, with the preceding sentence which indicates an intent that the burden of taxation should be borne by the recipient of the benefit. The capital accounts having received the gains it would appear that, under the specific provisions of the trust indentures themselves, the taxes should be charged to those same principal accounts and not to the income accounts which have received none of the benefits.

Surrogate DELEHANTY has recently ruled to similar effect (*Matter of Lissberger,* 188 Misc. 811). He stated therein (pp. 812–813) that " The tax upon capital gains should be borne by the principal account into which the gains go (Restatement, Law of Trusts, § 233, comment f; 108 A. L. R. 1138; *Matter of King,* 130 Misc. 296; Tax Law, § 365, subd. 7; Internal Revenue Code, § 162; U. S. Code, tit. 26, § 162). When in fact, capital gains are taxed the consequence is merely that the addition to principal account is not constituted of the gross profit but rather of the profit less the tax thereon. The tax computed on the basis of capital gains is exacted by the Government under the label ' income tax ' but intrinsically it is not an income tax. In trust administrations the word ' income ' has a well-understood meaning. In such administrations it is settled that capital gains remain in capital. It cannot be said that so much of the gain as the Government takes by way of so-called income tax is to be called income for trust purposes by reason of that label while the rest remains principal." Although *Evans* v. *Ockerhausen* (100 F. 2d 695) may hold to the contrary, it need not be followed, irrespective of all other reasons, since the trusts here involved contain explicit provisions requiring the application solely of the laws of this State (par. twelfth).

Since the trust for the benefit of the donor's son contains a valid provision for accumulation of income during the minority of the donor's son, with all accumulations payable to him upon arriving at his majority (Personal Property Law, § 16), capital gains taxes which have been improperly charged to income should be charged to principal and restored into the income account.

Again, as the trust for the benefit of the donor's wife does not specifically dispose of excess income, a transfer of the expenditure for capital gains tax from income to principal account is required to segregate the ownership of the donor's wife in the excess income by reason of her status as the person " entitled to the next eventual estate " (Real Property Law, § 63; *Matter of O'Hanlon*, 27 N. Y. S. 2d 889, *supra*). The donor's wife's failure to object to the charge for capital gains taxes against income cannot be permitted to enhance principal, for there would then result an accumulation of what was really income in the corpus of a trust in violation of section 16 of the Personal Property Law. That section represents the public policy of the State and neither consent nor waiver may detract from its limitations (*Banker's Trust Co.* v. *Moy*, 148 Misc. 38, *supra*).

4. The trustee's accounts reveal that he has held substantial sums uninvested for more than a year in each of the trusts. Although he has sought to justify his retention of cash to maintain liquidity for promising investments, it was possible to maintain liquidity by investment in United States Government notes bearing interest at the rate of seven eighths of 1% per annum. The failure to invest was protracted beyond a reasonable period (*Matter of Knight*, 4 N. Y. S. 412) and, in accordance with the recommendation of the guardian ad litem, the trustee will be surcharged at the rate of seven eighths of 1% per annum (*Matter of Rathbone*, 78 N. Y. S. 2d 457, DELEHANTY, S.).

The motion and cross motion are granted to the extent herein indicated. Settle order and judgment accordingly.