Irving H. Saypol, J.
Heretofore the petitioner, as life tenant, moved to compel an accounting by the trustee of an express trust and for a direction for redistribution between principal and income of certain stock dividends. It was at that time conceded that there are preliminary issues of fact raised by the pleadings. After an indicated agreement for a stipulation' of facts fell through, a reference was directed. Nevertheless, before submission of the order of reference the trustee now moves for an order dismissing the petition for failure to state facts entitling the petitioner to an accounting either as a matter of right or in the discretion of the court, and that such an accounting is not necessary to a final determination of the other issues raised by the petition, and for failure to state facts sufficient to entitle the petitioner to the requested redistribution as to any of the three corporate stocks in issue.
The petition alleges with respect to the common stock of General Foods Corporation that the issuing corporation increased the number of shares of its no par value common stock and authorized the distribution thereof to its stockholders, two for one, and in connection therewith transferred a stated sum (representing earnings from its operations) from its earned surplus account to its capital stock account. The petition sets forth, in addition, the portion of the shares thus distributed attributable to the transferred funds, the original intrinsic book value of the shares held by the trustee at the time of acquisition, the intrinsic value of the shares and the intrinsic book value thereof after such distribution. Similar allegations are set forth with respect to the capital stock of Standard Oil Company of New Jersey, save that reference is made to transfer from earnings reinvested in the business to its capital stock account and transfer from the capital surplus account to the capital stock account. With respect to the Procter & Gamble Co'mpany transaction, the sole factual allegation as to the supporting source is a transfer from the paid-in capital account to the common stock account.
The petitioner contends that a distribution to stockholders of additional shares in proportion to their holdings upon a transfer from surplus to capital of an amount sufficient to capitalize such additional shares at their par, stated or aggregate value results in a stock dividend. Such stock dividend is to be apportioned between the trust corpus and the life beneficiary upon the following basis: the book value of the shares at the time of acquisition is to be first determined and thereafter the book value of the total number of shares held by the trustee after receiving the additional shares. The original *116 shares and so many of the additional shares received as together have an aggregate book value equal to the book value of the original shares at the time of acquisition are apportioned to the corpus of the trust and the remaining shares to the life benficiary (see Matter of Osborne, 209 N. Y. 450; 4 Syracuse L. Rev., Extraordinary Corporate Distributions Under the New York Law of Trusts — -A Reexamination of the Osborne Rule in the Light of Experience, by S. Pearce Browning, Jr., pp. 293, 295, 296). Since the trust was established prior to 1926, section 17-a of the Personal Property Law does not apply.
The trustee contends that the petition is insufficient in that it fails to set forth allegations which would support a conclusion of intent that in giving to the petitioner the trust 1 ‘ income ’ ’, the settlors intended to include extraordinary stock dividends, that at least part of each distribution described in the petition constituted a stock dividend, and that petitioner is entitled to the number of shares she has claimed as representing that part. It is conceded, however, that if petitioner has established a right to anything, even though it may be less than she has claimed, the petition affords a basis for fixing the extent of that right. The trustee argues further that the petition is deficient in failing to allege that the directors of the issuing corporations either described the distributions in question as stock dividends or intended to effect stock dividends in making those distributions.
In the Osborne case (supra) the Court of Appeals was concerned (cf. Matter of Harteau, 204 N. Y. 292, 299) with the question of the proper allocation of shares issued and evidencing the capitalization of earned income. It stated-the rule for the ascertainment of the intrinsic value of a trust investment as the - capital plus the surplus of the corporation at the time of the acquisition of the stock by the trustee, divided by the number of shares of the corporation outstanding, multiplied by the number of shares held in trust. The value is ascertained in the same manner after receipt of the additional shares. The difference between the two constitutes the change, impairment or enhancement of the corpus. The income reserved by the corporation during the period of the trust should go to the beneficiary for life. If the capitalized income accrued in part before the original acquisition of the stock by the trustee, and allocation is required and. only that portion which accrued after such acquisition is income allocable to the life beneficiary (see Baker v. Thompson, 181 App. Div. 469, affd. 224 N. Y. 592). Apportionment is still the rule (Matter of Horrmann, 3 A D 2d 5). While the Osborne case is limited to transactions involving a distri *117 bution of earned surplus, the rule there enunciated has been often reaffirmed (Baker v. Thompson, supra; Pratt v. Ladd, 253 N. Y. 213; United States Trust Co. v. Heye, 224 N. Y. 242, 260; Matter of Davis, 128 N. Y. S. 2d 152; Equitable Trust Co. v. Prentice, 250 N. Y. 1).
The rule may be stated differently as granting to the cestui que trust for life the additional shares resulting from a capitalization of surplus, thereby creating a distribution of what would otherwise remain corpus for the use of the remaindermen (People ex rel. Clark v. Gilchrist, 243 N. Y. 173, 179). Difficulty in the application of the rule of the Osborne case (Matter of Hagen, 262 N. Y. 301, 305) has not affected its continuing judicial recognition. Thus, stock dividends remain allocable to the beneficiary if declared out of earnings accrued subsequent to the acquisition of the original shares held by the trustee or they are apportionable if any portion of such earnings accrued prior to the original acquisition (Matter of Hagen, supra). Natural increase in the value of the trust estate and gain by increment of capital valuation go to principal. The trust corpus may not be depleted. It may accumulate or increase, but division in the nature of a dividend payable out of accumulated surplus or profits is income (Matter of Hagen, supra). Moreover, while a corporate resolution may capitalize earnings, it may not change such earnings into principal against the interest of a life beneficiary (Pratt v. Ladd, supra; Matter of Lissberger, 188 Misc. 811). Investigation to determine the real effect of the transaction is always permissible (United States Trust Co. v. Heye, supra; Matter of Davis, supra.) Thus, to the extent an extraordinary profit on a particular transaction is distributed to stockholders in the form of additional shares, it is profit earned after the creation of the trust and the stock dividend is allocable to the life beneficiary. Also, where the issuing corporation purchases the stock of another corporation out of its moneys earned after the creation of the trust, and the corporation whose shares were thus purchased declares a stock dividend, those shares do not constitute an increase of the value of the stock of the issuing corporation, but represent earnings. In such circumstances, there is no distinction between ordinary and extraordinary profits, where the investments are made out of earnings (Pratt v. Ladd, supra). It is clearly established, therefore, that profit is a gain to be taken as earnings, as distinguished from a gain by increment in capital valuation. The corporation may augment its capital but the rights of the life beneficiary are not affected thereby.
*118 A distribution in shares, on the other hand, is a stock split when there has been a watering down of stock without the use of surplus, while a transfer of surplus to the capital account will produce income in whatever form the distribution takes (Matter of Lissberger, supra). Again, a stock dividend has been declared when there has been a capitalization of earnings from profits together with the distribution of added shares which evidence the assets thus transferred to capital (Matter of Lawrie, 119 N. Y. S. 2d 906). Stated otherwise, a distribution without infringement upon the capital of the corporation is a distribution of income and the rule of apportionment gives to the life tenant the earnings thus distributed. Those earnings, accrued after the establishment of the trust, are always an incident of stock ownership although inchoate until there is a distribution by capitalization in whatever form (United States Trust Co. v. Heye, supra). The test is whether, by the particular transaction, the earnings have been permanently retained by the corporation, as distinguished from a division occurring where the capital and surplus accounts remain unaffected (Matter of Davis, supra). The life tenant’s benefit from income capitalization cannot be defeated by the device of destroying potential income by turning surplus into capital (Equitable Trust Co. v. Prentice, 250 N. Y. 1, supra). Nor is the market value of the stock at the time of the transaction relevant (Matter of Osborne, 209 N. Y. 450, supra).
In the light of the foregoing considerations, it is clear that, as heretofore stated, issues of fact emerge from the allegations of the petition and, if found as alleged, the stated claims and issues are sufficient to invoke the application of the rule of the Osborne case in favor of the petitioner.
With respect to the General Foods Corporation issue, the petition clearly sets forth allegations sufficient to sustain the claim for allocation, upon the basis of an income distribution upon a transfer of earned surplus to the capital account. Similar allegations are set forth with respect to the Standard Oil Company of New Jersey issue, save that the transfer was from earnings previously reinvested in the business, to its capital stock account (see United States Trust Co. v. Heye, supra). With respect to the Procter & Gamble Company issue, there are no allegations in the petition to support the inference or conclusion that there was any capitalization of earnings.
Finally, in the circumstances here, it does not appear that for the purpose of the issue of construction thus tendered, an accounting is necessary.
*119 Accordingly, the motion is granted to the extent of dismissing that portion of the petition and the prayer for relief which seeks an accounting and an allocation with respect to the Procter & Gamble Company issue, and it is otherwise denied. Settle order.