William C. Hecht, Jr., J.
This is an application by the Chemical Corn Exchange Bank, as trustee under a written trust indenture dated and made on October 7, 1925 by one Rudolf S. Hecht, as settlor, for the judicial settlement of its first intermediate account and for a construction of the indenture.
A reading of the indenture shows that the principal purpose of the settlor was to protect his two unmarried sisters, namely, Paula Hecht and Elsa Hecht, by affording them income from the trust fund during their lives. Both said persons are still alive and unmarried. His secondary purpose was to bequeath the principal of the trust fund to his brother, Julius Hecht, after the death of the survivor of the settlor’s two sisters, if Julius Hecht was then alive, and if not, then the principal was to go to the then surviving issue of Julius Hecht. The said Julius Hecht is dead and. is survived by a son, Henry Hecht.
*327 The necessity for a construction here arises due to the wording of subparagraph “ j) ” of paragraph ‘‘ second ’’ of the trust indenture, which reads as follows: “ The second party [the Trustee herein] is further authorized and empowered to pay out of the income received from the trust fund any and all taxes which may properly become payable from time to time under the laws of the United States, or of any state, county or municipality on said trust property, or for any transfer thereof. ’ ’
In March and April of 1956 various securities were sold by the trustee, which resulted in a capital gain of $51,251.32.
The question presented is whether the wording of subparagraph “ j) ” requires that the large taxes which will have to be paid on this capital gain must be paid out of the income from the trust fund.
The provisions of subparagraph “ j) ”, taken in a literal context, only provide for the payment of taxes out of income when such taxes, ‘ ‘ may properly become payable * * * on
said trust property, or for any transfer thereof ”. A capital gains tax cannot be said to be a tax “ on said trust property ” and cannot be said to be “ for ” a “ transfer thereof ’ ’. It is a unique tax, quite unrelated to any other form of tax, and by its very terms, is a tax on gains realized on capital transactions.
Subparagraph “ e) ” of paragraph “second” of the trust indenture specifically provides: ‘ ‘ The situs of this trust is hereby declared to be the State of New York and this Indenture shall be interpreted and construed in accordance with the laws of the State of New York.”
It has repeatedly been held that under the laws of New York, taxes on capital gains are payable out of the principal of the trust estate. (Matter of Lissberger, 188 Misc. 811; Matter of King, 130 Misc. 296; Gilbert v. Wise, 192 Misc. 101.)
Motion to settle account is granted. Allowance to attorneys will be fixed in the order which is to be submitted on notice.