[Civ. No. 20030.   First Dist., Div. Two.   May 17, 1962.]

Estate of GEORGE WILLIAM STARR, Deceased. DOROTHY S. NILON, Objector and Appellant, v. EDGAR H. ROWE, as Guardian *ad Litem,* etc., et al., Objectors and Respondents.

Young, Rabinowitz & Chouteau, H. S. Young and John P. Coghlan for Objector and Appellant.

Nicholas, Kolliner & Van Tassel, William H. Nicholas and Bronson, Bronson & McKinnon for Objectors and Respondents.

KAUFMAN, P. J.—This is an appeal by the life beneficiary of a testamentary trust from an order approving the ninth account of Crocker-Anglo National Bank, as trustee, directing the trustee to charge certain state and federal taxes against the income of the trust estate instead of against the principal. Appellant, Dorothy S. Nilon, is the daughter and sole surviving life beneficiary of certain testamentary trusts created under the will of her father, George William Starr, deceased. The respondents, the remaindermen, are the grandchild and minor great-grandchildren of the testator. The taxes in issue are: (1) capital gains taxes payable as the result of certain securities sold by the trustee; (2) state and federal fiduciary income taxes. ▆▆▆ As the parties stipulated that the gross income for the period in question, excluding income attributable to capital gains, exceeds the amount of all charges against either of the trusts, the only question before us is the proper allocation of the above mentioned taxes under the relevant language of the trusts, which is as follows: ''From the gross income or from the principal of said trust estate, if said income be insufficient, said trustee shall first pay all taxes, assessments, expenses and charges against said trust estate.''

The trial court concluded that the above language indicated the testator's intent to deviate from the general rule of levying the disputed taxes against the principal and directed the trustee to charge the taxes against income for the period in question, and to allocate future taxes accordingly.

Appellant contends that the trial court erred in its conclusion because: (1) the testator's language is not sufficiently unequivocal to change the general rule that a fund which receives a benefit should also bear the burden; (2) the result is inequitable and unduly increases the burden on the life tenant as well as unduly restricting the investment program of the trustee. In support of her argument, appellant cites a long list of cases from other jurisdictions[1] in which, despite somewhat similar language in the various instruments, the courts, for equitable or other reasons, concluded that the disputed charges should be allocated to principal rather than income. We cannot agree that any of these authorities are either persuasive or applicable to the facts of this case, for a number of reasons.

---

[1]Including, *In re Lissberger's Estate* (1946) 188 Misc. 811 [64 N.Y.S. 2d 370]; *In re Hecht's Trust* (1957) 7 Misc.2d 326 [163 N.Y.S.2d 690]; *United States Trust Co. of N. Y.* v. *Jones* (1953) 414 Ill. 265 [111 N.E.2d 144].

First, we must look to the entire instrument and scheme of the testator. The principal rule of construction is to ascertain and give effect to the intention of the testator (*Estate of Parker*, 98 Cal.App.2d 393 [220 P.2d 580]). The will provided that the residue of the estate was to be divided equally into two trusts: trust A for the benefit of the testator's widow, Elizabeth Sophia Starr, now deceased[2]; trust B for the benefit of the appellant, the testator's daughter. Both of these trusts provided that upon the death of the life beneficiary, her share was to augment the corpus of the trust of the surviving life beneficiary, and the entire trust estate was then to be held in trust C for certain remaindermen.

Both trusts also provided that the 20 percent of the income of each trust was to be transferred to the corpus for the benefit of the remaindermen *before* any distribution of income to the life beneficiaries, and that except as otherwise provided by law, that all increases in the value of the corpus from whatsoever cause arising and all profits resulting from the sale of any part of the trust properly were to constitute principal or corpus. As indicated above, it was stipulated that the gross income of both trusts during the period in question exclusive of income attributable to capital gains exceeds the amounts of all taxes, expenses, and charges against each trust during the period in question.[3]

The will instructed the trustee that prior to any payments of income to the daughter, the trustee was to deduct from income certain amounts for the proper care, support, maintenance and education of grandchildren as to whom adequate provision was not made.

The will further provided for the disinheritance of the testator's only son and that son's children, except Elizabeth Starr, and contained the following request: "*SIXTH*. In my opinion the income of the said trust funds hereinabove in Paragraph FIFTH provided to be paid to my said wife and my said daughter, will be considerably in excess of their requirements. I therefore earnestly request and urge that they and each of them voluntarily deposit with the trustee hereinabove named, such part of the income which they may

---

[2] The widow died on December 24, 1958, during the accounting period here involved.

[3] Under the trust at present, appellant as the sole surviving life beneficiary is entitled to a minimum payment of $500 per month for the 15 month period in question while the income of the period was $75,000 ($6,000 per month, of which appellant is entitled to 80 percent or $4,800). The taxes and other charges for the period total $9,314.87.

receive and which they shall not need, to be held by said trustee IN TRUST for uses and purposes and under conditions similar to those hereinabove provided.''

Reading the provision relating to payment of taxes with the other provisions of the will and in the light of the above facts, the testator's manifest intent to protect the remaindermen rather than the life beneficiaries is clear. ▮ If the intent of the testator can be clearly conceived and is not contrary to some positive rule of law, it must prevail. ▮▮ The courts cannot make a will for the testator or attempt to improve upon the will actually made (*Estate of Major*, 89 Cal.App. 238 [264 P. 542]). ▮ Where the language of the will is clear and unambiguous, the courts have no power to speculate as to the testator's intention (*Estate of Hartman*, 21 Cal.App.2d 266 [68 P.2d 744]). The Principal and Income Law is subject to the directions of the testator (Civ. Code, § 730.04). In *Estate of Jacks*, 80 Cal.App.2d 562 [182 P.2d 605], which presented a somewhat similar question as to certain taxes, this court (Division One) said at pages 572 and 573: ''The testatrix directed the trustees in handling the trust estate to 'collect and receive the income, returns, and profits thereof, and after paying all necessary costs, taxes, and other expenses incidental to or growing out of this trust, to pay out and disburse the entire net income derived from the trust estate as hereinafter directed.' This provision can be interpreted as an express direction to pay the taxes out of income.''

In the earlier appeal involving a similar question and in approving the eighth account of the trustee, this court (Division One, *Estate of Starr*, No. 19601, 197 Cal.App.2d 582 [17 Cal.Rptr. 240]) concluded that the overall purpose of the testator was to emphasize corpus at the expense of income. ▮ Similarly, we can only conclude here that the trial court properly directed the trustee to allocate the taxes and charges in question to income, in accordance with the clearly expressed intent of the testator.

Order affirmed.

Shoemaker, J., and Agee, J., concurred.