In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property of and Rehabilitate the NEW YORK TITLE AND MORTGAGE COMPANY.

Supreme Court, New York County, February 19, 1934.

*Henry Hetkin,* for the petitioner.

*Samuel Untermyer* [*Alvin Untermyer* of counsel], for the petitioner.

*Henry Davidson,* for the petitioner.

*Wagner, Quillinan & Rifkind* [*Simon H. Rifkind* of counsel], for the committee for the reorganization of series F-1 certificates.

*Greenbaum, Wolff & Ernst* [*Neuman Levy* of counsel], for George S. Van Schaick, as rehabilitator.

*Paul Windels, Corporation Counsel* [*S. S. Rogers, Assistant Corporation Counsel*], for the city chamberlain.

*A. H. Geller*, for certificate holders.

*Cohen, Gutman & Richter* [*A. L. Gutman* of counsel], for certificate holders.

*Smith, Chambers & Clare* [*J. L. Clare* of counsel], for the Central Hanover Bank and Trust Company.

*Cohen, Cole, Weiss & Wharton* [*Louis S. Weiss* of counsel], for certificate holders.

*Thomas Keogh*, for certificate holders.

FRANKENTHALER, J. The evidence establishes that the New York Title and Mortgage Company is, within the meaning of section 112 of the Real Property Law, " an unsuitable person to execute " the trust powers conferred upon it in connection with the series F-1 certificates issued by it. For the reasons indicated in the court's opinion in *Matter of New York Title & Mortgage Co.* (150 Misc. 89) the present application is granted to the extent of appointing substituted grantees of the powers in trust previously referred to. In view of the extraordinary magnitude of the series F-1 issue, which consists of 121 mortgages, totaling in face amounts upwards of $27,000,000, and held by approximately 4,500 certificate holders, the court believes that the interests of the latter would be best served if three trustees are appointed. Only in very exceptional and rare cases, however, will the appointment of more than one trustee be necessary or justifiable. Indeed, as pointed out in the opinion previously mentioned, in most cases a single trustee for a number of issues will suffice. The trustees appointed will be required to waive the statutory commissions and to consent to receive in full payment of the services to be rendered by them such amounts as the court may fix as the reasonable value of the services performed by them respectively. The fees will depend upon the value of the work actually done by each trustee. A bond in the sum of $300,000, approved by the court, will be required.

Submit decision and order.