In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property of and Rehabilitate the NEW YORK TITLE AND MORTGAGE COMPANY.

In the Matter of the Application of SARAH R. HEILBRONER, Respondent, against GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Rehabilitator of the NEW YORK TITLE AND MORTGAGE COMPANY, Appellant, for an Order Appointing a Substituted Grantee of the Powers in Trust under Certificate Series F-1 Issued by the NEW YORK TITLE AND MORTGAGE ₀COMPANY, under Agreement Dated February 21, 1927, in Place and Stead of NEW YORK TITLE AND MORTGAGE COMPANY, in Rehabilitation.

SOCIETY FOR ETHICAL CULTURE IN THE CITY OF NEW YORK, Appellant.

First Department, June 8, 1934.

*Lawrence S. Greenbaum* of counsel [*Morris L. Ernst, Newman Levy, Theodore S. Jaffin* and *Benjamin Kaplan* with him on the brief; *Greenbaum, Wolff & Ernst,* attorneys], for the appellant George S. Van Schaick, Superintendent of Insurance of the State of New York.

*Abraham L. Gutman* of counsel [*Henry K. Heyman* with him on the brief; *Cohen, Gutman & Richter,* attorneys], for the appellant Society for Ethical Culture in the City of New York.

*Henry Hetkin* of counsel [*Alexander Rubin, Wilbur C. Davidson, Alfred H. Hetkin* and *Monroe L. Friedman* with him on the brief; *Henry Hetkin* and *Maass & Davidson,* attorneys], for the respondent Sarah R. Heilbroner.

*Jackson A. Dykman* of counsel [*Ralph W. Crolly* with him on the brief; *Cullen & Dykman,* attorneys], for the respondents Orrin R. Judd, Aaron Rabinowitz and James L. Clare, as grantees of powers in trust.

*Simon H. Rifkind* of counsel [*Wagner, Quillinan & Rifkind,* attorneys], for the committee for the reorganization of series F-1.

PER CURIAM. The order from which this appeal is taken was entered in rehabilitation proceedings on the allegation of Sarah R. Heilbroner, a certificate holder in series F-1, issued and sold by the New York Title and Mortgage Company. The ground of the decision is stated to be, in effect, that the New York Title and Mortgage Company is an unsuitable person to execute powers for certificate holders; that it has violated its duties and obligations as trustee; that it is unable to meet its obligations and its insolvency is apprehended; and that the Superintendent of Insurance, as rehabilitator, has no title to any of the securities and never became a trustee.

The order must be reversed for the following reasons:

*First.* While the Supreme Court has inherent power to do a great many things, it certainly cannot override the limitation contained in the Schackno Act. (Laws of 1933, chap. 745.) In a recent decision (*Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 69) the Court of Appeals upheld the constitutionality of that act. Of course, we are mindful of the fact that the order of Special Term was entered before this decision was rendered. In construing the act, the Court of Appeals has definitely declared that its provisions contain an exclusive procedure under which bonds, mortgages or

other securities may be liquidated in an orderly manner, and under which the assets of the guaranty corporations may be administered and conserved equally and ratably in the interests of holders of mortgage investments.

*Second.* We do not believe that either the certificates or the deposit agreement under which they were issued creates powers in trust. The so-called powers were merely reservations for the benefit of the title company, which remained the owner of the collateral security, and guaranteed the payment of the principal of the certificates, as well as of the interest accruing thereon. Furthermore, the Court of Appeals has stated in the case above cited that " the holder acquires, prior to default, no rights in the mortgages other or greater than the rights of a holder of collateral security and the guaranty company retains at least the rights of an owner who has cumbered his title with a lien. * * * So construed, the guaranty company is a primary debtor, assigning the mortgages only as collateral security for the debt."

The order should be reversed and the petition dismissed.

FINCH, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur; UNTERMYER, J., taking no part.

Order reversed and petition dismissed.