In the Matter of the Petition of FRANK E. STULTS and Others to Render and Settle Their Accounts as Temporary Administrators of the Estate and as Executors, etc., of WALTER H. D. KILLOUGH, Deceased. FLORENCE MAUD-MOORE, Appellant; FRANK E. STULTS and Others, as Temporary Administrators and as Executors, etc., of WALTER H. D. KILLOUGH, Deceased, and Others, Respondents.— Decree of the Surrogate's Court of Kings county, in so far as it adjudges that appellant's claim, as an assignee, for medical services rendered to the testator by Dr. Mary E. Potter be dismissed, reversed on the law and the facts, and the claim allowed to the extent of $5,000, with costs to all parties, payable out of the estate. There is believable evidence that Dr. Potter frequently treated the decedent, both at her office and at decedent's home, and the relationship existing between them was not so close as to give rise to the presumption that the services were gratuitous. The commissions accruing to Dr. Potter as executrix may not be considered as an offset to her claim for medical services. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property of and Rehabilitate the BOND AND MORTGAGE GUARANTEE COMPANY. In the Matter of the Application of CITY BANK FARMERS TRUST COMPANY, as Successor Trustee under the Will of FRANK LITTLE, Deceased, Respecting Bond and Mortgage of MAX REISS, Extended by FRANK ACCARDI, as Obligor. GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Rehabilitator of BOND AND MORTGAGE GUARANTEE COMPANY, in Rehabilitation, and BOND AND MORTGAGE GUARANTEE COMPANY, Appellants; CITY BANK FARMERS TRUST COMPANY, as Successor Trustee, under the Will of FRANK LITTLE, Deceased, Respecting Bond and Mortgage of MAX REISS, Extended by FRANK ACCARDI, as Obligor, Respondent.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Respondent is the holder of a bond and mortgage guaranteed by appellant, Bond and Mortgage Guarantee Company. The owner, who was in default in the payment of interest and taxes, made payments to the mortgage company without specifying how the moneys were to be applied. The mortgage company used the moneys to reimburse itself for interest advanced to respondent. The Special Term held that the moneys should have been applied to the payment of taxes, and directed appellants to account. At the time the mortgage company used the moneys it was not in default under its contract of guaranty. It paid the respondent the interest due and acted with reasonable promptness and attempted in good faith to compel payment of the taxes. Under the circumstances it was error to make the order appealed from. (Matter of People [Lawyers Title & Guar. Co.], 265 N. Y. 20; Matter of People [N. Y. Title & Mortgage Co.], Id. 30.) Lazansky, P. J., Young, Scudder, Tompkins and Johnston, JJ., concur.