In the Matter of the Rehabilitation of LAWYERS WESTCHESTER MORTGAGE AND TITLE COMPANY. SARAH E. MACHIN and ELIZABETH M. MACHIN, as Administratrices, etc., of AARON MACHIN, Deceased, Respondents; LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of Lawyers Westchester Mortgage and Title Company, Appellant.— In a proceeding to compel the payment by the Superintendent of Insurance, as liquidator of the Lawyers Westchester Mortgage and Title Company, of certain checks in payment of interest accrued on mortgage certificates issued by that company but not collected before the company went into the hands of the Superintendent of Insurance in rehabilitation, order directing the Superintendent of Insurance to pay one of said checks, amounting to $232.25, and to segregate the amount of the remaining checks in a special trust fund, etc., modified by striking out all of the directions contained in said order except the direction for the payment to petitioners of said check of $232.25. As so modified, the order is affirmed, without costs. In our opinion, the collections of interest by the mortgage company represented by the amount of the checks in question did not constitute a trust fund to which the petitioners are entitled. The relations between the petitioners' predecessor in interest and the mortgage company were simply those of debtor and creditor. The petitioners and their predecessor in effect, under the certificates in question, held assignments of the bonds and mortgages referred to therein as collateral security for the performance by the mortgage company of its obligations imposed by the certificates, and no trust was created thereby, nor did any trust result by operation of law from the issuance by the mortgage company of the checks in question. (See *Matter of People* [*Lawyers Title & Guar. Co.*], 265 N. Y. 20; *Matter of People* [*N. Y. Title & Mortgage Co.*], Id. 30; *Matter of People* [*Bond & Mortgage Guar. Co.*], 245 App. Div. 744; affd., 270 N. Y. 527; *Matter of People* [*Tit. & Mtge. Guar. Co.*], 264 id. 69; *Matter of New York Title & Mortgage Co.*, 241 App. Div. 351; *Attorney-General* v. *Continental Life Ins. Co.*, 71 N. Y. 325.) Young, Hagarty, Johnston and Adel, JJ., concur; Davis, J., dissents and votes to affirm in memorandum. The relation between a certificate holder and a guarantor is one *sui generis*. In part it is the relation of principal and an agent coupled with an interest, and in part the relation of principal and surety. As agent the title company undertook to collect the interest from the mortgagor and pay the stipulated share to the certificate holders, retaining its one-half per cent for compensation for services and guaranty. It

kept accounts in its books with the particular mortgagor and the certificate holders; and when it received the money, it dedicated that sum to the payment of the interest. It used its general bank account in the payment of checks as an act of convenience. That did not affect the basic right to the money collected and kept in a separate account on its books. That money belonged to the certificate holder. Perhaps it may be denominated a " trust fund." The question of negligence in failing to present the checks is not to be determined by ordinary rules, if we may hold that the certificate holder acquired some interest in the fund the moment it was collected from the mortgagor.