S. Samuel Di Falco, S.
The trustees in this accounting proceeding have moved pursuant to section 113 of the Rules of Civil Practice to dismiss two objections to their account. After the return date the parties entered into a stipulation submitting the objections to the Surrogate for determination without a hearing on the basis of the papers on file in this proceeding, the will of the decedent, and the memoranda of law and reply memoranda.
The trusts involved in this motion are 3 of 18 trusts established by the will of the deceased. The trustees have joined the 18 accounts in a single proceeding for judicial settlement. The objectants are charitable income beneficiaries of the 3 trusts. Each of the 18 trusts established by the will is separate and is subject to a separate accounting. The 18 trust principals total about $1,300,000. The 3 trusts have principals of $68,300, $13,400 and $15,200 respectively.
The objections concern expenses for accounting and for investment statistical reports which the trustees charged to the income of the trusts. The accounting services were rendered by employees of the law firm of one of the trustees. The investment reports are a service to which the same law firm subscribes in connection with this estate and other firm business.
A trustee receives commissions as compensation for performing all duties incident to his office. The primary duties are the care, management and investment of the trust property, paying and receiving funds as directed by the trust instrument and keeping records of receipts, payments and other transactions. Unless there are some unusual complications a trustee is entitled to no additional compensation or reimbursement (Matter of Robinson, 157 N. Y. S. 2d 661; Matter of Bohmert, 102 N. Y. S. 2d 394; Matter of Dahlman, N. Y. L. J., Aug. 10, 1950, p. 224, col. 5; Matter of Grubman, N. Y. L. J., May 10, 1948, p. 1740, col. 2; Matter of Kramer, 70 N. Y. S. 2d 239; Chemical Bank & Trust Co. v. Reynaud, 150 Misc. 821).
*765 In the 3 trusts involved there were no special complications alleged. The income and disbursements schedules of the largest covered less than 13 pages for the 10-year period. The investment transactions were minor. The objection as to the charges for accounting services is, therefore, sustained.
The trustees argued that because these 3 trusts were a part of an estate consisting of 18 trusts, the administration of the group was complicated and justified the additional charge. They point to the fact that the accounts schedules for the 18 trusts exceed 888 pages. Many cases are cited for the proposition that for an estate the size of the 18 trusts charges for accounting services are reasonable. However, the trustees overlook the fact that the trusts are separate entities and that their commissions are separately computed on each. The fact that another related trust is complicated or that the administration of a group of trusts results in complications is no justification for charging another small and uncomplicated trust with extraordinary administration charges.
The objection to the charge for investment statistical reports is likewise sustained. The trustees have the obligation to make proper investments. (Matter of Gutman, 171 Misc. 680.) There is no special cause shown why they should be reimbursed for maintaining an investment statistics reporting service used for the general trust and estate work of a cotrustee’s law firm. In Matter of Kent (N. Y. L. J., Aug. 23, 1934, p. 515, col. 7) a charge for investment counsel was partially allowed. But there had been in that estate considerable litigation concerning an attempted surcharge of an executor for failure to sell a certain stock. The estate was far greater than these 3 trusts and the investment company had performed special services in regard to the stock in question. Here we are involved with a charge that is almost in the nature of office overhead. Note is also taken of the fact that here much of the trusts ’ principal is invested in government bonds. In Matter of Greata (172 Misc. 955), cited by the trustees, there was a showing of necessity for the investment services.
Since both objections are sustained, the motion to dismiss them is accordingly denied.
Submit order on notice accordingly.