John D. Bennett, S.
In this accounting proceeding the residuary legatee has filed objections to that portion of the account which reflects payments to the attorney for the estate in the amount of $7,500. In partial justification of this fee, the attorney states that his advice to the executor in connection with certain investments of common stock resulted in an increase in the assets of the estate in the amount of $34,000 and that these services 1 ‘ were as valuable as if they had been rendered in connection with the recovery of $34,184.41 on behalf of the estate from some other source and that for such services I am entitled to be compensated. ’ ’
Such investment advice is not a function of the attorney and does not support an application for attorney’s fees. In the ease of Matter of Borden (N. Y. L. J., July 14, 1955, p. 6, col. 6) the court said: “A substantial portion of the services rendered may not be regarded as legal services and include services falling within the administrative function of the trustees relating to the advisability of retaining permitted investments. The amount fixed does not include any allowance for such services as were properly the function of the trustee (Matter of Scher, 147 Misc. 791; Matter of Dwyer, N. Y. Law Journal, October 22, 1941).” (See, also, Matter of Gerard, 160 N. Y. S. 2d 206; Matter of Lent, 155 N. Y. S. 2d 890; Matter of Owen, 144 Misc. 688; Matter of Berard, N. Y. L. J., Dec. 1, 1950, p. 1406, col. 7; Matter of Jost, N. Y. L. J., Sept. 27, 1948, p. 589, col. 5; Matter of Traidman, N. Y. L. J., Oct. 27, 1955, p. 13, col. 4; Matter of Himmel, N. Y. L. J., April 13, 1953, p. 1216, col. 5; Matter of Spiegel, N. Y. L. J., June 1, 1953, p. 1840, col. 1; Matter of Weber, N. Y. L. J., Jan. 13, 1954, p. 10, col. 2.)
*916 Nor does payment by the representative for investment coun-selling service constitute a valid charge against the estate in the absence of 111 unusual complications ” (see Matter of Bowne, N. Y. L. J., May 29, 1957, p. 7, col. 3, citing Matter of Gutman, 171 Misc. 680 and distinguishing Matter of Kent, N. Y. L. J., Aug. 23, 1934, p. 515, col. 7 and Matter of Greata, 172 Misc. 955).
In Matter of Bowne (supra) the court said, in sustaining an objection to a charge for investment statistical reports: “A trustee receives commissions as compensation for performing all duties incident to his office. The primary duties are the care, management and investment of the trust property, paying and receiving funds as directed by the trust instrument and keeping records of receipts, payments and other transactions. Unless there are some unusual complications a trustee is entitled to no additional compensation or reimbursement (Matter of Robinson, N. Y. Law Journal, May 27, 1954; In re Bohmert’s Will, 102 N. Y. S. 2d 394; Estate of Carrie Dahlman, N. Y. Law Journal, August 10, 1950; Estate of Jacob Grubman, N. Y. Law Journal, May 10, 1948; In re Kramer’s Will, 70 N. Y. S. 2d 239; Chemical Bank & Trust Co. v. Reynaud, 150 Misc. 821).”
After hearing, the court determines that the reasonable value of the services rendered by the attorney for the estate is the total sum of $5,500 for all services rendered up to and including the submission of a decree to be signed hereon and distribution thereunder.
A surcharge is therefore imposed in the amount of $2,000, the sum of $7,500 having already been paid by the executor as attorney’s fees.
In all other respects the account will be settled as filed.
Settle decree on five days’ notice.