W. Vincent Grady, S.
A petition in the above-entitled matter having been filed with this court by Alice 0. Guernsey and Irving Trust Company, surviving trustees of the trust created by the will of the above-named decedent, praying among other things (a) that their account of proceedings as trustees of the trust created by the will of Joseph R. Guernsey, deceased, for the benefit of Alice C. Guernsey, and their final account of proceedings as trustees of the trust created by the will of Joseph R. Guernsey, deceased, for the benefit of Alice G. Osborne, covering the administration of the trust funds for the period from May 23,1921, to and including January 16, 1957; (b) that the account of proceedings of Stephen G. Guernsey as cotrustee o.f said trusts for the period from May 23, 1921, to and including March 14, 1930, the date of his death, included in the said accounts as the same may be adopted by Raymond G. Guernsey and Homer W. Guernsey, as executors of the will of Stephen G. Guernsey, deceased, as their account of the proceedings of said decedent as such cotrustees, be judicially settled and allowed; (c) that J. Lawrence Osborne be appointed an additional cotrustee of the continuing trust created by the will for the benefit of Alice 0. Guernsey; and all interested parties having been served or waived, and Davies, Hardy & Schenck, *547 Esqs,, 1 Wall Street, New York 5, N. Y., having appeared for the trustees, with Robert A. West, Esq., of counsel, and Raymond G. Guernsey, Esq., of Guernsey, Butts & Walsh, Esqs., Poughkeepsie, N. Y., having appeared for himself and Homer W. Guernsey, Louis G. Guernsey and Emmeline Guernsey, contingent remaindermen of said trust, and the trustees having submitted a memorandum in support of the application for the appointment of an additional cotrustee and the court having duly deliberated thereon decides and finds as follows:
Joseph R. Guernsey died on December 9, 1902, leaving a last will and testament which was duly admitted to probate in this court on January 5, 1903. The testator nominated in his will Alice C. Guernsey, his wife, and Stephen G. Guernsey, a cousin, to be trustees of the trust created thereunder, and both qualified and acted as such trustees. On January 29, 1918, the Columbia Trust Company, now the Irving Trust Company, was appointed an additional cotrustee of said trust under said will. Subsequently thereto, Stephen G. Guernsey, one of the original trustees died on March 14, 1930, leaving Alice C. Guernsey and Irving Trust Company as the sole surviving trustees under said will. The present petition alleges that Alice C. Guernsey is now 96 years of age and requests the appointment of her grandson, J. Lawrence Osborne as an additional cotrustee, and the Irving Trust Company joins in said petition.
Section 168 of the Surrogate’s Court Act covers the appointment of successor trustees, but it makes no specific reference to the appointment of “ additional successor trustees ”. Section 40 of the Surrogate’s Court Act confers broad powers to the Surrogate, over the administration of testamentary trusts, and an inference may be draAvn that the Surrogate has the power to appoint an ' ‘ additional trustee ’ ’ under said section.
In Gilbert v. Wise (192 Misc. 101, 103) the court acknowledged the existence of such a power, when it stated that: ‘ ‘ While there is no specific statutory provision nor decision in the courts of this State bearing directly on the power of the Supreme Court to appoint an additional trustee, the existence of such power is assumed by text Avriters and other authority (3 Bogert, Trusts and Trustees, § 532; 1 Scott on Trusts, § 108.2; Restatement, Trusts, § 108, comment e).”
In Scott on Trusts (Vol. 1 [2d ed.], § 108.2) it was stated that ‘' The court, it would seem, may in the exercise of a sound discretion appoint an additional trustee even though there is no vacancy, where such appointment appears to be conducive to the better administration of the trust.”
*548 However, in the instant case, assuming that this court has the power to appoint an “ additional trustee,” in the exercise of its sound discretion, such appointment should be denied since the present trustees, Alice C. Guernsey and Irving Trust Company are very capably administrating the trust and the court sees no valid reason at this time to appoint an “ additional successor trustee.”
Submit decree accordingly.