Fbauk D. Paulo, ¡3.
The executors have petitioned the court for a decree approving* their account, and also for the appointment of an additional cotrustee in certain trusts to be set up under the terms of the will. The court in an opinion handed down on September 4,1962, deferred decision on the petition and directed a hearing* on the propriety of the employment of Bankers Trust Company as a general agent of the executors,
It is apparent that although the executors made all decisions required in the administration of the estate, they did nothing else. Bankers Trust Company performed all the functions of an executor except that it did not make decisions. The executors were required to do more than just make decisions.
“ The general rule is that # * * executors * * * are not only bound to assume the responsibilities and exercise the discretions of their office, but must also perform within reasonable limits the actual manual labor requisite to the due execution of the trust.” (Matter of Harbeck, 81 Hun 26, 28, affd. 145 N. Y. 648.) In view of this rule it is clear that the hiring of a general agent to perform all the services of an executor cannot be approved. (1 Restatement, Trusts, § 171, Comment c. See cases cited in prior opinion herein, N. Y. L. J., Sept. 10, 1962, p. 15, col. 7.)
While the court has determined that the agreement entered into by the executors and Bankers Trust Company cannot be approved, the court has considered the specific services rendered by Bankers Trust Company in the light of the accepted rule that executors may employ agents to assist them in the performance of specific functions where special circumstances create the necessity for assistance.
Among the assets of the estate are 4,300 shares of stock of P. Ballentine and Sons, Inc. Since this is an unlisted closely-held stock an appraisal was necessary for tax purposes. The court is satisfied that the executors were justified in hiring Bankers Trust Company as agents to assist them not only in their appraisal of the P. Ballentine and Sons, Inc., stock but also in the conduct of negotiations with the State and Federal taxing authorities, with regard to its evaluation. The reasonable value of this necessary assistance is $5,000.
In the absence of a showing of unsual circumstances creating* the necessity for assistance in the preparation of the decedent’s final income tax returns and the fiduciary returns for the estate, no disbursement from the funds of the estate for these purposes can be approved.
A substantial effort was expended by Bankers Trust Company, according to testimony given at the hearing, in determining *700 ■when to distribute income to the income beneficiaries with a view towards minimizing the personal income tax of the beneficiaries. This involved examining the total income picture of the individual beneficiaries. While this is not an improper activity, it benefits the individuals involved and not the estate as a whole and, consequently, the cost of this assistance is not a proper charge against the estate.
For assistance in preparing the final account Bankers Trust Company has been paid $2,000. This is disapproved.
For general administration services, including the keeping of books of account, the sale, purchase and transfer of securities, payment of debts, funeral and administration expenses, distribution of income, etc., Bankers Trust Company has charged $14,000. At the hearing no proof was offered to show that any unusual problems existed in this estate sufficient to justify the employment of an agent to handle these routine matters. This is a sizable estate but decedent was not in business, nor did she have real estate holdings involving collection of rents, etc. Her assets consisted of one one-family home in which she lived and except for the Ballentine stock and tangible personalty involved one mortgage, 24 stocks and 21 bonds. No case has been cited to the court holding that the mere size of an estate justifies the employment of an agent to assist the executors. This, charge is disallowed.
Bankers Trust Company has assigned $500 out of its total fee as the charge attributable to real estate management. The sole real estate holding of the decedent was one one-family house, her home. These premises were never rented and have been sold by the executors. This charge is disallowed.
The largest part of the fee paid to Bankers Trust Company is stated to be for investment advice; $29,000. Testimony at the hearing made it clear that this advice had to do with securities other than the Ballentine stock. In order to pay taxes and administration expenses it was necessary to sell a substantial number of the decedent’s securities. An analysis of the securities held by the estate to determine which should be sold and when to sell them was made by Bankers Trust Company. In addition to the initial analysis, Bankers Trust Company frequently reviewed the estate’s portfolio and made recommendations to the executors regarding the sale and purchase of securities.
Where there has been a showing of necessity, a disbursement for investment counsel has been allowed. (Matter of Greata, 172 Misc. 955; Matter of Kent, N. Y. L. J., Aug. 23, 1934, p. 515, col. 7.) But where, as here, no unusual complications are shown. *701 such a disbursement must be disapproved. (Matter of Gutman, 171 Misc. 680, noted in 40 Col. L. Rev. 348; Matter of Bowne, 8 Misc 2d 763; Matter of Morris, 8 Misc 2d 915.)
The loss to the estate by reason of the unjustified payment to Bankers Trust Company for its services is $45,000. Since the court is satisfied that the executors acted in good faith in hiring Bankers Trust Company, no interest will be imposed.
No formal objections were filed by the special guardians for the infants herein, nevertheless, in their reports the special guardians called the court’s attention to the $50,000 fee paid to Bankers Trust Company as agent, and it is the court’s duty to protect the interests of the infant beneficiaries. (Matter of Parr, 45 Misc. 564, affd. 113 App. Div. 921; Matter of Bielby, 91 Misc. 353, 368; Wigand v. Dejonge, 8 Abb. N. C. 260. See, also, Matter of De Vany, 147 App. Div. 494, 496, revd. 205 N. Y. 591.) Since no adult beneficiary of the estate objected, none are entitled to receive any benefit from the surcharge.
In assessing the surcharge the court directs that one fourth of the devastavit (i.e., $11,250) be paid by the executors into a special fund to be administered by the executors as trustees. It shall be their duty to retain said special fund until the termination of the trust created in paragraph “ fourth (d) ” of the will and to pay over to Michael David Badenhausen, and/or to the issue of the children of Walter E. Badenhausen (contingent remainderman) or to those intestate heirs of the testatrix not barred by their failure to object, the same percentage of the income and/or principal of said special fund as they or any of them may from time to time become entitled to receive from the said trust. The executors shall be entitled to receive the income of said special fund, if any, not so paid over and, on the termination of the trust the principal, if any, not otherwise distributed in accordance herewith. (Matter of Hall, 164 N. Y. 196; Matter of Davenport, 104 N. Y. S. 2d 433; Matter of Harmon, 5 Misc 2d 308.)
The court further directs that another one fourth of the devastavit (i.e., $11,250) be paid by the executors into another special fund to be administered by the executors as trustees. It shall be their duty to retain said special fund until the termination of the trust created in paragraph “ fourth (a) ” of the will and at that time to pay over to each of the issue of the children of Hans Hinrichs or to those intestate heirs of the testatrix not barred by their failure to object, the same percentage of the principal of said special fund as they or any of them may be entitled to receive from the said trust. The executors shall be entitled to receive all the income of the special fund and on the *702 termination of the trust the principal, if any, not otherwise distributed in accordance herewith.
As to the balance of the devastavit (one half) no surcharge will be imposed. Had he objected Otto Badenhausen would have been entitled to a one-fourth share. The infant remaindermen of the trust created by paragraph “fourth (b) ” were not harmed by the devastavit. The corpus of their trust consists solely of Ballentine stock and was not diminished by the improper disbursement.
Hans Hinrichs, the trustee of the trust established in paragraph “ fourth (a) ” of the will, and Walter E. Badenhausen, the trustee of the trust established in paragraph “ fourth (d) ” of the will, have petitioned the court for the appointment of Bankers Trust Company to act as cotrustee, All the adult beneficiaries have consented and the special guardian has not objected. The alternate trustees also have consented and the named trustees have waived commissions.
The application is addressed to the court’s discretion. This discretion seems to have been exercised only rarely and in exceptional cases. (Matter of New York Title & Mtge. Co., 150 Misc. 679, revd. on other grounds 241 App. Div. 351; Matter of Guernsey, 10 Misc 2d 546; Chase v. Russell, 128 N. E, 712 [Mass.].) Professor Scott suggests that the standard of discretion to be applied is whether such an appointment will be conducive to the better administration of the trust. (1 Scott, Trusts, p. 791 ; see 1 Restatement, Trusts, 2d, § 108, comment e.)
No proof has been offered to indicate that the appointment of a cotrustee would be conducive to the better administration of the trust of which Walter E. Badenhausen was named trustee. It is alleged merely that he is semiretired and does not desire to have the sole responsibility for administering the trust. Any determination by the court that the trust would be better managed if a cotrustee is appointed would be pure speculation. In Gilbert v. Wise (192 Misc. 101) where a cotrustee was appointed, the named trustee had been mismanaging the trust as evidenced by the fact that a surcharge was imposed upon him.
Although the court has extensive powers over testamentary trusts, it cannot lightly ignore the intentions of the testatrix. The identity and the number of trustees are a .significant part of the structure of a trust. The testatrix chose one individual trustee, a member of her family, as her trustee. The court will honor her- wishes. The application for the appointment of Bankers Trust Company as a cotrustee of the trust established in paragraph “ fourth (d) ” of the will is denied.
*703 The trust of which Hans Hinrichs is the named trustee presents a different problem. He is both the sole trustee and the sole beneficiary and unless a cotrustee or a different trustee is appointed a merger of his legal and equitable interests will leave him with a legal life estate. (Matter of Reed v. Browne, 295 N. Y. 184.) Faced, then, with a destruction of the trust, by operation of law, some modification of the intention of the testatrix is unavoidable.
In the Matter of Berman (33 Misc 2d 1038) Surrogate Moss looked with favor upon the suggested appointment of a cotrustee to avoid a merger and the resulting limitation on the broad investment powers given under the will. In Matter of Phipps (2 N Y 2d 105) the Court of Appeals approved the appointment by the Surrogate under the authority of section 168 of the Surrogate’s Court Act of a second and successor trustee under circumstances where the failure to appoint would have resulted in a merger.
In the exercise of discretion, the court pursuant to the authority of subdivision 2 of section 100-a of the Banking Law, will appoint Bankers Trust Company to serve with Hans Hinrichs as a cotrustee of the trust created in paragraph “ fourth (a) ” of decedent’s will.
A question of construction is presented by paragraph “ fourth (d) ” of decedent’s will.
After the provisions setting up a trust for the benefit of decedent’s son, Walter E. Badenhausen, for life and on his death for his wife, Dorothea S. Badenhausen, for her life, the paragraph reads as follows: “ and upon her death, the principal of said fund and accumulated income thereof, shall be divided and set apart in four separate trusts, one for the benefit of each of their four children, Walter Ernest Badenhausen, Otto Peter Badenhausen, Dorothea Susan Badenhausen and Michael David Badenhausen, to invest and reinvest the same, and to pay to or apply for the benefit of said four children, the net income thereof for so long during the life of each child as he and/or she shall remain under the age of thirty (30) years, and upon each said child attaining the age of thirty (30) years to pay over, transfer and distribute to him and/or to her the whole amount of principal and accumulated income thereof, and the trust for said child shall thereupon terminate. If any or either of said children, Walter Ernest Badenhausen, Otto Peter Badenhausen, Dorothea Susan Badenhausen, and Michael David Badenhausen, shall die before attaining the age of thirty (30) years, the unexpended principal of his or her trust, together with accumulated income, shall be payable to his or her issue
*704 living at the time of his or her death, if any, equally per stirpes, and if there are no such issue then to the surviving brothers and sisters. In the event that the said Dorothea S. Badenhausen should predecease my son, Walter E. Badenhausen, then upon the death of said Walter E. Badenhausen, the principal of said fund, and accumulated income thereof, shall be divided and set apart in four separate trusts, one for the benefit of each of their four children, Walter Ernst Badenhausen, Otto Peter Badenhausen, Dorothea Susan Badenhausen, and Michael David Badenhausen, to invest, and reinvest the same, and to pay to or apply for the benefit of said four children the net income thereof for so long during the life of each child as he and/or she .shall remain under the age of thirty (30) years, and upon each said child attaining the age of thirty (30) years to pay over, transfer, and distribute to him and/or to her the whole amount of principal and accumulated income thereof, and the trust for said child shall thereupon terminate. If either or any of said children, Walter Ernst Badenhausen, Otto Peter Badenhausen, Dorothea Susan Badenhausen, and Michael David Badenhausen, shall die before attaining the age of thirty (30) years, then the unexpended principal of his or her trust, together with accumulated income, shall be payable to his or her issue living at the time of his or her death, if any, equally per stirpes, and if there are no such issue then to the surviving brothers and sisters.”
At the time of decedent’s" death (Sept. 13, 1957) the statutory provisions affecting the suspension of absolute ownership of property (Personal Property Law, § 11; Real Property Law, § 42) permitted a suspension of absolute ownership for a period of two lives in being plus a minority. (Matter of Roe, 281 N. Y. 541.) It is clear that the Walter E. Badenhausen trust violates this rule. (Matter of Trevor, 239 N. Y. 6.)
To avoid an intestacy the court will excise the unlawful provisions and direct that the trustee retain the specified share for the grandchildren until each such grandchild reaches the age of 21 years. (Matter of Eveland, 284 N. Y. 64.)