426 A.2d 585

**ESTATE of John P. CROZER, Deceased.**

**Appeal of William Diehl LOBER.**

Supreme Court of Pennsylvania.

Argued Jan. 26, 1981.
Decided March 13, 1981.

Mary M. Rogers, Philadelphia, for appellant.

L. Pierre Teillon, Jr., Philadelphia, for First Pa. Bank.

Garry P. Jerome, Philadelphia, for trustee and guardian ad litem.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from a decree of the Orphans' Court Division of the Court of Common Pleas of Delaware County appointing David Van Dyke to serve as a co-trustee of a testamentary trust established by John Crozer. We agree with appellant, objecting beneficiary William Lober, that the appointment of Van Dyke is impermissible under the terms of the trust. Hence we reverse.

### I.

Settlor Crozer died testate in 1926. In his will, Crozer created a trust for the benefit of family members, including his wife, his four daughters, his grandchildren, and his great grandchildren. The trust presently is active, and will remain so until the death of the last of Crozer's grandchildren who were living at his death.

By paragraph 11 of his will, Crozer provided:

"I do hereby nominate, constitute and appoint my beloved wife, Elizabeth W. Crozer, William I. Schaffer, of the Township of Haverford, Delaware County, Pennsylvania, John B. Hannum, Jr., of the Township of Middletown, Delaware County, Pennsylvania, and Bank of North America & Trust Company, of Philadelphia, Pennsylvania [(now First Pennsylvania Bank)], as the Trustees of the several trusts created in this, my last Will and Testament. In the event of the death, renunciation, refusal or inability

of any of the said persons, so named as Trustees to act as such Trustees, then the rights, powers and duties hereby conferred or imposed upon said Trustees shall be exercised by the survivors or survivor of them."

Of the named trustees, only appellee, the corporate fiduciary First Pennsylvania Bank, has continued to serve throughout the life of the trust. Elizabeth Crozer and William Schaffer resigned in 1938, and John Hannum died in 1942. On the death of Hannum, the Orphans' Court of Delaware County, without objection, appointed Jay Allen Hodge to serve with the corporate fiduciary. Hodge died in 1966. Since then, First Pennsylvania has served alone.

In August of 1977, upon the death of the last of settlor's daughters, First Pennsylvania filed a thirteenth account. Additionally, First Pennsylvania petitioned the orphans' court to appoint Van Dyke as co-trustee, at a rate of compensation of one per cent of trust income. First Pennsylvania expressed no willingness to accept a corresponding reduction of its compensation.

Van Dyke, a great-grandchild of settlor and an income beneficiary of the trust, is employed by the brokerage firm of E. F. Hutton Company. At the time of First Pennsylvania's petition, Van Dyke was serving as broker of record for the trust. Thus any transactions made by the trustee were executed through E. F. Hutton, and Van Dyke received credit for the brokerage commissions.

The orphans' court held a hearing on the petition for appointment of Van Dyke as a co-trustee. Appellant Lober contended, as he contends here, that in paragraph 11 of settlor's will settlor expressed the intent that, as the various individual trustees ceased service, those trustees remaining would continue to serve, alone. According to appellant, this intent of settlor forecloses the appointment of new trustees unless the performance of the remaining trustee or trustees is inadequate. In appellant's view, First Pennsylvania has administered the trust adequately since it began to serve

alone fifteen years ago. No party in interest argues to the contrary.

The orphans' court observed that First Pennsylvania's performance "has been much more than adequate." It added that First Pennsylvania "has handled this trust in excess of fifty years and it appears to the Court it has done an excellent job for that entire period of time," including those most recent years in which First Pennsylvania has served alone.

Nonetheless, the orphans' court granted First Pennsylvania's petition. In its opinion in support of the dismissal of appellant's exceptions, the orphans' court disagreed with appellant's interpretation of settlor's intent. According to the court, paragraph 11 of settlor's will is silent on the permissibility of appointments. Thus the orphans' court rejected appellant's contention that appointment is permissible only if First Pennsylvania is performing inadequately. Instead it applied a standard permitting appointment if "conducive to the proper administration of the trust." According to the court, "proper administration" would be advanced here because Van Dyke, a family member and stock broker, "would be infusing direct input of the various family beneficiaries, as well as adding a second expert opinion with respect to investments."

## II.

Critical, of course, is whether settlor has manifested an intention that new trustees should not be appointed as the number of named trustees diminishes. Both parties agree that if, as First Pennsylvania argues, settlor's intent is unascertainable, a new trustee may be appointed so long as the appointment is "conducive to the proper administration of the trust. . . ." Restatement (Second) of Trusts § 108 Comment b (Filling vacancies) (1959). See *Stolzenbach Estate*, 346 Pa. 74, 29 A.2d 6 (1942); II Scott on Trusts § 108.1 at p. 856 (3d ed. 1967). Both parties also agree that if, as

appellant argues, settlor intended that new trustees not be named, a much more stringent standard must be applied. That standard would permit appointment of a new trustee only if the administration of the trust is in some respect inadequate, or reasonably likely to become so. See *LaRocca Trust*, 419 Pa. 176, 213 A.2d 666 (1965); Restatement (Second) of Trusts, supra, at Comment e (Appointment of additional trustees).*

By his clear language, settlor expressed his intention that the trust is to be administered by his named trustees and survivor trustees. Settlor deliberately made no provision for replacing those named trustees unable or unwilling to serve.

In paragraph 11, settlor specifically recognized the possibility of the named trustees' "death" or "renunciation" or "refusal or inability" to act as trustees before termination of the trust. In the event of any of these possibilities, settlor expressly directed that

"the rights, powers and duties hereby conferred or imposed on said Trustees shall be exercised by the survivors or survivor of them."

Settlor's express use of survivorship terminology makes settlor's intent clear, emphatic, and unambiguous—no new trustees are to replace those he named. By providing that, as named trustees ceased to act, "survivors" were to continue to serve the trust, settlor clearly expressed his wish that the number of trustees be allowed to diminish without the appointment of new trustees—even when, as here, one "survivor" remains.

This conclusion is compelled by the fact that settlor has included among his named trustees First Pennsylvania, a corporate fiduciary with theoretically perpetual life. By assuring "continuity of supervision," II Casner on Estate

---

* Settlor has not manifested an intention that the number of trustees should be maintained. Compare *Zerbey Estate*, 481 Pa. 374, 392 A.2d 1340 (1978); *Central Trust & Savings Co. v. Walters*, 314 Pa. 418, 171 A. 890 (1934). See generally Restatement (Second) of Trusts, supra, at Comment b; II Scott on Trusts, supra, at p. 855.

Planning 1161 (3d ed. 1961); see *Cahen Estate*, 483 Pa. 157, 394 A.2d 958, 963 (1979), settlor fully provided for the possibility that there could remain only one "survivor" trustee.

In view of settlor's expressed intent to permit diminution of the number of trustees, the remaining question is whether the record supports the appointment of an additional trustee. Where, as here, the orphans' court, with full support on the record, has specifically determined that performance of the sole surviving fiduciary has been "much more than adequate," it is clear that appointment of an additional trustee is unnecessary and inappropriate. See *Badenhausen Estate*, 38 Misc.2d 698, 237 N.Y.S.2d 928 (1963) (refusing to appoint additional trustee where existing trustee was merely "semi-retired" and did not desire sole responsibility for administering trust).

This record is far different from the record in *LaRocca Trust*, supra, where this Court approved the appointment of an additional trustee. There, the record revealed "past indications of failure to keep exacting records and ... intra-family friction...." 419 Pa. at 180, 213 A.2d at 668. Unlike *LaRocca*, here appointment of an additional trustee would not serve to advance either the quality of the administration of the trust or any other valid equitable purpose. Rather, the appointment is contrary to settlor's expressed intent, and adds an unwarranted and unnecessary burden to the administration of the trust, which the orphans' court has found to be "more than adequate," indeed "excellent."

"The identity and the number of trustees are a significant part of the structure of a trust." *Badenhausen Estate*, supra, 38 Misc.2d at 702, 237 N.Y.S.2d at 934. To give effect to settlor's express intention and the administrative structure which settlor erected here, the decree of the orphans' court must be reversed.

Decree reversed. Costs on First Pennsylvania.