OPINION OF THE COURT
Evans V. Brewster, S.
In this third intermediate trustees’ accounting, objections have been filed by the guardian ad litem to the payment of investment advisory services during the period between April 15, 1985 and September 30, 1985. The guardian ad litem opposes the investment advisory fees incurred by the trustees as such fees were not expressly authorized by the will.
The decedent and her husband were founders of E. W. Axe & Co. Inc., an investment advisory firm that provided profes *138 sional investment advice and guidance. Under her will, her shares of stock in E. W. Axe & Co. Inc., together with other specific corporate shares of stock, were placed in a trust. The trustees were directed to pay one half of the income to a class comprising family members, and the other one half of the income was payable to a class comprising employees of E. W. Axe & Co Inc., or Axe Securities Corporation or Huntington Corporation. The trustees named and who qualified upon probate of the will in 1967 were two of her close associates, her sister, Dorothy Houghton and Justin S. Dunn, who was chief executive officer of E. W. Axe & Co. Inc. until he retired in 1981. Dorothy Houghton served as trustee until her death on December 1, 1975. Justin S. Dunn served as trustee until he resigned in June 1985. Until shortly before the resignation became effective, Dunn and his cotrustee managed the trust investments without outside professional advice. Dunn’s investment management expertise enabled the trustees to fulfill investment responsibilities without outside advisory services. The successor trustees who have been appointed to manage the trust do not have the same background or experience in investments of large amounts of capital. At the time of decedent’s death, the trust corpus was substantial. Since that time the inventory value has substantially increased. In April 1985 when E. W. Axe & Co. Inc. was sold, the cash received was considerably higher than had been previously managed by the trustees, one of whom was Justin S. Dunn. Because of the imminent resignation of Mr. Dunn and the inexperience of the successor trustees in management of the funds, it was considered prudent for the trustees to engage E. W. Axe & Co. Inc. as investment counsel. In the contract made, the trustees specifically retained their right to formulate investment policy and make investment decisions.
Although the will does not provide for the employment of investment counsel, the decedent had been in the business of giving counsel upon the investment of large sums of money. It undoubtedly was her intent to have the investment of large sums managed by professionals. Modern investment technology is not only complex but requires the tools of computers, automation and electronic instruments available to the sophisticated financial advisor.
The will expresses decedent’s intent in subparagraph 8 of article seventh by charging her fiduciaries "in the management of [the] estate, to exercise all the power, which any individual could exercise in the management of similar prop *139 erty owned by him in his own right and * * * to do any and all acts which they deem necessary or proper to carry out the purpose of this will, giving due regard to the fact that the primary purpose of the trusts created by this will, is to provide for the income beneficiaries thereof.” The objectives expressed by the trustees and communicated to their investment advisor are to produce high income without undue risk of principal, and also seek some growth of principal and income. Under the circumstances, the engagement of an investment advisor is within the discretion given the trustees to do all acts necessary or proper to carry out the purpose of the will. "Where there has been a showing of necessity, a disbursement for investment counsel has been allowed (Matter of Greata, 172 Misc. 955; Matter of Kent, N.Y.L.J., Aug. 23, 1934, p. 515, col. 7).” (Matter of Badenhausen, 38 Misc 2d 698, 700.) The necessity for advice in the management of a large trust has been demonstrated. Accordingly, the objection of the guardian ad litem is dismissed.
The petitioners have also requested that the court fix the fee of the firm of attorneys for services rendered. The affidavit submitted describes in detail the legal services performed which included services related to the sale of stock of E. W. Axe & Co. Inc., the principal asset held by the trustees, and the proceedings taken in this third intermediate trust accounting. There are no objections from any of the interested parties.
The court has carefully considered the legal services for which attorneys are entitled to compensation. Having due regard for all the elements relevant in the fixation of legal fees (Matter of Freeman, 34 NY2d 1), the fair value of the legal services inclusive of those through settlement of the decree to be made herein is fixed and determined in the amount requested.